GUSTAV A. JOHNSON & another *vs.* LLOYD G. KELLEY & another.

Norfolk.   May 2, 1961. — June 8, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, KIRK, & SPIEGEL, JJ.

*Contract*, For sale of real estate. *Equity Jurisdiction*, Specific performance. *Attorney at Law. Agency*, Scope of authority or employment.

The buyers under a contract for sale and purchase of real estate were entitled to specific performance thereof where it appeared that at a meeting of the parties to pass papers before the date set in the contract the buyers expressed dissatisfaction with the description in the proposed deed and requested production of certain documents, and one of the sellers said "This is the deadline," that subsequently, when the deed was ready and the requested documents procured, the parties' attorneys arranged a second meeting to pass papers some three weeks after the date set in the contract, and that at the time of the second meeting the buyers were ready, able and willing to purchase but one of the sellers refused to perform; the attorney for the sellers had at least apparent authority to arrange the second meeting.

Johnson *v.* Kelley.

BILL IN EQUITY, filed in the Superior Court on April 24, 1957.

The defendants appealed from a final decree entered by *Dewing,* J., after hearing on a master's report.

The case was submitted on briefs.

*Robert J. Geogan,* for the defendants.

*Samuel B. Mannos,* for the plaintiffs.

SPIEGEL, J. This is a bill in equity seeking specific performance of a written contract to convey a certain parcel of land located in Hanover. The case was referred to a master, who found that on August 1, 1956, none of the parties being represented by counsel, the defendants, husband and wife, as sellers, and the plaintiffs, husband and wife, as buyers, executed a purchase and sale agreement; that the purchase price was stated to be $1,800 of which $300 was acknowledged as a deposit, $300 was to be paid in cash upon the passing of papers, and the balance of $1,200 was to be paid by a one year note at six per cent interest; that in November, 1956, the parties met at the office of the defendants' attorney for the purpose of passing papers; that the plaintiff Gustav A. Johnson objected to the description of the land contained in the deed and requested that certain other documents be shown to him; that the defendant Dorothy Bradford Kelley said, "This is the deadline"; that this meeting was terminated when the plaintiffs left the office; that in December, 1956, the plaintiffs consulted an attorney who wrote to the defendants' attorney that upon completion of the deed a meeting to pass papers would be arranged; that the defendants' attorney replied by letter that the deed had been drawn two months before, the documents requested by Johnson procured, and "We are ready to pass papers at your convenience"; that the attorneys later arranged to pass papers January 19, 1957, at the office of the defendants' attorney; that Johnson and his attorney, and Kelley and his attorney were present at the appointed time and place; that Johnson had with him the mortgage and note which had been signed by Mrs. Johnson; and that Mrs. Kelley "refused to come to the meeting

and . . . sign a deed, saying that in her opinion the deal
was off because Mr. Johnson had refused to go through
with it in November, 1956.'' The master concluded his
findings of fact with the statement that ''On January 19,
1957, the Johnsons were ready, willing and able to purchase
the property and they are still ready, willing and able so
to do.'' The master made no finding with respect to dam-
ages. A final decree was entered in the Superior Court
ordering the defendants to convey the property to the plain-
tiffs upon the payment by the plaintiffs of $1,500. The
defendants appeal from this decree.

The defendants contend that the agreement was silent as
to the time for performance. This is not so. While there
is no date inserted in the usual place provided in the printed
form of agreement used in the instant case, nevertheless
the agreement contained the following language: ''Cash on
passing of papers $300.00. Jan. 1st, 1957.'' This clause
becomes relatively unimportant in the present instance be-
cause the master found that, ''In November of 1956, the
. . . [parties] met . . . for the purpose of passing pa-
pers,'' and that later the parties' attorneys ''fixed January
19, 1957, as the date . . . for passing papers.'' The
parties could have agreed upon a different time for passing
papers from that provided for in the agreement. See
*Gloucester Isinglass & Glue Co.* v. *Russia Cement Co.* 154
Mass. 92, 99. Even if no time was fixed for passing papers
a reasonable time would be the test. *Kattor* v. *Adams,* 323
Mass. 686, 688. The provision in the agreement of sale
making time of the essence could likewise be waived. *Por-
ter* v. *Harrington,* 262 Mass. 203, 207.

On the basis of the real estate agreement, which was in
evidence, the judge below would have been justified in find-
ing that January 1, 1957, was the date set in the agreement
for passing papers, and, on the basis of the master's report,
the judge would have been justified in finding that this
date was changed to November of 1956, and subsequently
changed again by the parties, through their attorneys, to
January 19, 1957, at which time the plaintiffs were ready,

willing and able to purchase the property. The failure of one of the defendants to appear at the time and place agreed upon amounts to an unqualified refusal to perform. See *Sleeper* v. *Nicholson,* 201 Mass. 110, 113. Even if no date for passing papers was fixed in the purchase and sale agreement, the judge would be justified in finding that January 19, 1957, was within a reasonable time after the execution of the purchase and sale agreement, particularly in the light of the plaintiffs' dissatisfaction with the description of the land in the deed and the request that certain other documents be procured.

In either event the final decree was not error. No circumstances are disclosed in the record which would make the decree for specific performance inequitable. *Gevalt* v. *Diwoky,* 319 Mass. 715, 716.

The defendants are not aided by the fact that at the November, 1956, meeting one of the plaintiffs requested a more complete description of the property inserted in the deed and the production of several documents and that one of the defendants replied, "This is the deadline," or that it was the defendants' attorney and not the defendants that later offered to go through with the sale and agreed with the attorney for the plaintiffs to pass papers on January 19, 1957.

The action of the plaintiffs in refusing to accept the deed as proffered by the defendants in the November meeting does not constitute a default as a matter of law. The delay may well have been justified because of the inadequacy of the description and the necessity of the defendants procuring the documents requested by the plaintiffs.

The judge would be justified in finding that the defendants' attorney had at least apparent authority to agree upon the date for passing papers. See *Hamilton* v. *Coster,* 249 Mass. 391, 396; *Cowan* v. *Eastern Racing Assn. Inc.* 330 Mass. 135, 142.

*Decree affirmed.*