MADALENA COLANGELI *vs.* CONSTRUCTION SERVICE COMPANY.

Middlesex.    November 6, 7, 1967. — January 9, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Contractor. *Damages,* For injury of building. *Evidence,* Opinion: expert. *Practice, Civil,* Exceptions: whether error harmful; Damages; Verdict. *Error,* Whether error harmful.

Evidence in an action that the plaintiff's building was damaged by vibration caused by pounding by the defendant in the course of installing a water main in an abutting street and by the shifting of the loose underground soil and ground water from about the foundation of the building, together with evidence of alternative safer methods of doing the work, warranted a finding of the defendant's liability to the plaintiff for negligence, even if the methods used by the defendant were lawful or called for by its contract. [528–529]

At the trial of an action for damage to the plaintiff's building from its cracking, bulging and settling during the installation of a water main in an abutting street by the defendant, there was no error in the admission of testimony of a contractor, who "described the work that needed to be done" to repair the building, that the fair market value of such work was a certain amount, even though there had been old cracks and some settling prior to the defendant's operations. [529–530]

At the trial of an action for damage to the plaintiff's building resulting from construction work done by the defendant in an abutting street, the absence of express testimony of the value in dollars of the building before and after the work did not preclude the jury from making a just estimate of the damage on other evidence and their common sense and experience. [530]

At the trial of an action for damage to the plaintiff's building from its cracking, bulging and settling, there was no prejudicial error in allowing corroborative testimony of an expert in answer to imperfect hypothetical questions as to a connection between such damage and pounding in an abutting street and seepage and sliding of earth into trenches during the course of the defendant's installation of a water main. [530-531]

Where it appeared that the first count of the plaintiff's declaration in an action of tort was for damage to her building by reason of the defendant's negligence in installation of a water main in an abutting street and the second count was for its negligence in the installation work in failing to shore up the excavation and install lateral supports, that the counts were not stated to be for the same cause of action, that verdicts for the plaintiff were returned by the jury in the same amount on each count, and that the defendant's bill of exceptions did not include the judge's charge, it was held that in the circumstances justice required either that the plaintiff waive her verdict on the second count and the defendant's exceptions be overruled or that the exceptions be sustained, a new trial ordered on the issue of damages only, and the plaintiff then elect between the counts. [531]

Tort. Writ in the Superior Court dated July 24, 1962.

The action was tried before *Tomasello*, J.

*Stephen N. Subrin* (*Thomas D. Burns* with him) for the defendant.

*Vincent J. Celeste* for the plaintiff.

Whittemore, J. The plaintiff had verdicts under both counts of her declaration. The first count is for damage to the plaintiff's building at 157 Pearl Street in Malden by reason of the defendant's negligence in the construction and installation of a water main in Pearl Street. The second count is for negligence in the construction work in failing to shore up the excavation and install lateral supports. The counts are not stated to be for the same cause of action. The defendant excepted to the denial of its motion for directed verdicts and to the admission of certain evidence.

1. The evidence of the plaintiff made out a case for liability for negligence. The evidence showed damage by vibration from two causes, (1) pounding in the street

by the dropping of the bucket of a heavy backhoe to break up an old twenty-four inch gas pipe, and (2) pounding to install steel sheeting at the nearby excavation of an underground chamber to house a shutoff valve. The evidence also tended to show damage from the shifting of the loose underground soil and ground water from about the foundation of the structure. Some of the soil moved into an auxiliary sewer trench dug beneath the sidewalk within two feet of the plaintiff's building through gaps in the wooden shoring. Loose soil also shifted when the main trench was dug in the street, without shoring, with the result that the sides of the trench caved in to the point that the sewer pipe, already installed and covered, was again exposed.

There was evidence of alternative safer methods of doing the work, that is, breaking up the pipe by burning with an acetylene torch after carefully flooding the pipe to exclude any old trapped gas, and by shoring the trenches and chamber tightly with wooden shoring and underpinning the house. That the methods used were lawful or called for by the contract did not excuse the defendant.[1] The case as to liability is within the rule of *Piontek* v. *Joseph Perry, Inc.* 342 Mass. 342. See also *New York Cent. R.R.* v. *Marinucci Bros. & Co. Inc.* 337 Mass. 469, 472.

2. There was evidence of damage to take the case to the jury under count 1. Photographs of the house were in evidence. There was evidence that the house was seventy-five or eighty years old, had been assessed for $7,500 in 1957, had a rented market in the front and rented quarters in the rear, and that no permanent repairs had been made since the time of the damage. There was testimony describing the cracks and bulging caused by the defendant's operations. A contractor called by the plaintiff testified, subject to exception, that the fair market value of "the

---

[1] The contract with the Commonwealth provided that the contractor should take all responsibility for the work and "take all precautions for preventing injuries to persons and property in or about the work."

work that needed to be done to repair the house" was $18,037. According to the bill of exceptions he "described the work that needed to be done." An exhibit shows the several items making up the total. They do not appear unrelated to restoration of a building damaged by cracking, bulging and settling. That there had been old cracks and some prior settling did not render this testimony inadmissible. There was no error in its admission.

The uncertainty as to the full extent of the damage to the plaintiff's property did not warrant a directed verdict. The defendant did not cross-examine the contractor in this aspect[2] and put in no evidence. Guided by the several items' in the repair estimate, the appearance of the house, the testimony as to damage, and their common sense and experience, the jury could conclude that there was damage in at least some stated amount. The absence of express testimony of the value in dollars of the house before and after the construction work (*Childs* v. *O'Leary,* 174 Mass. 111, 113–114) did not bar the making of just estimates under appropriate instructions.

An "element of uncertainty . . . is not a bar . . . . 'Much must be left to estimate and judgment, sometimes upon meager evidence.' *Piper* v. *Childs,* 290 Mass. 560, 563." *Dalton* v. *Demos Bros. Gen. Contractors, Inc.* 334 Mass. 377, 378–379. See *Agoos Leather Cos. Inc.* v. *American & Foreign Ins. Co.* 342 Mass. 603, 608, and cases cited (it is enough to show the extent of damage by just and reasonable inference; approximate estimate will suffice).

3. The defendant contends that there was error in allowing an expert to testify to a connection between cracks, settling and bulging in the structure and the pounding in the street, and the seepage and sliding of earth into the trenches. The errors claimed lie in the hypothetical questions. No specific objections to the questions were stated; there was no motion to strike after it appeared that defects

---

[2] The bill shows only: "He [the contractor] testified in cross examination when asked if he thought it good business to put $18,000.00 into a house that is assessed for $7200.00, he has seen them put a lot more in a house that was assessed for a lot less."

in the questions would not be cured by other evidence. *Taylor* v. *Creeley*, 257 Mass. 21, 27. The connection between damage to the house and what went on in the street was clearly shown by direct evidence of objects falling, windows shaking, the floor vibrating and earth seeping into the cellar. Although the questions were careless and went beyond the evidence in some material particulars, the testimony elicited was corroborative and not essential to recovery. We see no prejudicial error in respect of the questions that would warrant a new trial on liability.

4. The submission to the jury of count 2 was warranted by the evidence but with careful instructions in view of the circumstances discussed below. Conceivably the jury could have found that the negligent failure to shore the excavation and install lateral supports was a cause of all the damage they deemed established. But count 2 appears to state a cause of action that is necessarily included in the generality of count 1. The verdicts were in the same amount ($5,750) under each count. The bill of exceptions does not include the charge. In the circumstances it is uncertain whether the jury found total damages of $11,500 and divided the sum between the partially overlapping counts, or found total damages of $5,750. In any event the plaintiff, recovering under count 1, is not entitled to recover under count 2. Although the defendant shows no error in respect of the exceptions presented, justice requires the disposition next provided.

5. If the plaintiff in the Superior Court within thirty days of rescript shall waive her verdict under count 2 the entry shall be: Exceptions overruled. Otherwise the entry shall be: Exceptions sustained: New trial on the issue of damages only; the plaintiff must elect between the counts.

*So ordered.*