GEORGE H. MOLLAHAN *vs.* JOHN R. McGRATH,
special administrator, & another.

Suffolk. March 5, 1970. — April 8, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Trust,* Breach of trust. *Fraudulent Conveyance. Fraud. Equity Pleading and Practice,* Stipulation of evidence.

Upon appeal from a decision of the Superior Court in a suit in equity heard only on a stipulation as to the evidence by the parties, the question is whether on such evidence the decision was warranted. [232]

Stipulated evidence in a suit in equity, including evidence that a trustee of a trust engaged in the used and scrap metal business purported to transfer title to the trust's crawler crane to her son, who was then conducting the business, for his unsecured promissory note in an amount less than one half the worth of the crane, and that, after the son had given to the plaintiff a promissory note secured by a duly recorded security agreement covering the crane, on the reverse side of which appeared the bill of sale to the son, certain payments on his note to the plaintiff were by checks drawn on the account of the trust business, did not require a finding that there was a breach of the trust in the transfer of the crane to the son or that, if there was a breach, the plaintiff knew or ought to have known of it, and disclosed nothing which required that the security agreement not be enforced upon a default on the note. [232]

BILL IN EQUITY filed in the Superior Court on June 4, 1964.

The suit was heard by *Thompson,* J.

*Arthur E. Nicholson* for the defendant Harold Aronofsky, trustee.

SPALDING, J. This is a bill in equity brought on June 4, 1964, in which the plaintiff seeks the delivery of a certain crawler crane, which was pledged to him as collateral to secure a certain promissory note. The case was tried on a "stipulation of evidence."

A summary of the pertinent stipulated evidence is as follows. The M. Aronofsky Trust (trust) was created by Morris Aronofsky under a declaration of trust dated Decem-

ber 29, 1942. The res of the trust was M. Aronofsky & Sons, an unincorporated business located in Boston engaged in trading used and scrap metal. Leah Aronofsky, as successor trustee to Morris Aronofsky, purportedly executed a delegation of powers on March 2, 1954, to her sons, known as Sidney Aronoff and Manuel Aranov, who then conducted the business until November 3, 1961, when Sidney died. Thereafter it was conducted by Manuel Aranov until his death on March 18, 1962. Leah, who died on May 14, 1966, at the age of eighty-three, had never taken an active part in the trust business. She, as trustee, had originally been a defendant. After her death, Harold Aronofsky, successor trustee, was substituted as a defendant.

On January 19, 1960, the trust purchased for $15,750 a 1955 unit crawler crane. On January 26, 1962, Leah, as trustee, purported to transfer title to the crane, at that time worth approximately $10,500, to Manuel for his unsecured promissory note for $4,000, payable in three years.[1]

On January 30, 1962, Manuel Aranov caused to be created Topeka Steel & Trading Co., Inc. (Topeka). The trust had no ownership interest in this corporation. On the same day Manuel negotiated with the plaintiff for the purchase of certain land with a building on it located a short distance from M. Aronofsky & Sons for $42,500. The plaintiff conveyed the property to Topeka by a deed dated February 2, 1962. The consideration for the purchase consisted of a check dated January 30, 1962, for $1,000 drawn on the account of M. Aronofsky & Sons; a promissory note of Topeka for $37,500 payable in weekly instalments secured by a mortgage on the real estate; and the proceeds, in the amount of $4,000, of a promissory note in the sum of $4,599.94 given by Manuel to the plaintiff, payable in three years from date in weekly instalments, guaranteed by Topeka. This note was secured by a duly recorded security interest in the crawler crane. The bill of sale purporting to convey title to

---

[1] The original of the note could not be located among the trust records and there is no record of any payment on account of said note to the trust; a copy of the note was furnished by the plaintiff's attorney.

the crane to Manuel appeared on the reverse side of the security agreement. Weekly payments on these notes were made by checks drawn on Topeka's account until July 16, 1962. Thereafter until August 1, 1962, payments were made by checks drawn on the account of M. Aronofsky & Sons, the business owned by the trust; these checks were signed by Arnold Aronoff. The total amount paid by the trust to the plaintiff was $6,543.86, which included the $1,000 payment previously referred to.

Under the terms of the notes there was a default in the payments on May 13, 1963. On May 7, 1964, a default was declared on the note secured by the crane. The plaintiff then demanded possession of the crane as he had a right to do both under the terms of the security agreement and the provisions of the Uniform Commercial Code. This demand was made upon Arnold Aronoff, "the person then in charge of the business of the . . . [trust], which was in possession of . . . [the] crane." Upon his refusal to deliver the crane, the plaintiff brought this bill in equity to obtain possession. The answer of Leah as trustee included a counterclaim in which she sought to have the security agreement declared null and void, and that all sums paid to the plaintiff out of the funds of the trust be returned to it. The judge entered a decree that the plaintiff was entitled to possession of the crane and ordering the trustee to surrender it to the plaintiff, and that the trustee's counterclaim be dismissed. The trustee appealed.

The trustee argues that the judge erred in finding that the plaintiff was entitled to the crane under the terms of the security agreement, because Manuel's purchase of the crane constituted a breach of trust. The trustee invokes the rule that if a trustee in breach of a trust transfers trust property, the transferee does not hold the property free of the trust if he takes with notice of the breach. Restatement 2d: Trusts, § 296. Scott, Trusts (3d ed.) § 296. The trustee argues that the evidence shows that the plaintiff either knew or should have known that a breach had occurred. *Donnelly* v. *Alden*, 229 Mass. 109, 112.

That the evidence would support such a conclusion is not, however, determinative of this case. When a case is heard on an agreement of the parties as to the evidence, "the agreement merely takes the place of the evidence which otherwise would be introduced in the usual way, and either the jury renders a general verdict or the judge makes a general finding founded upon that evidence." *Frati* v. *Jannini*, 226 Mass. 430, 431. While that statement was made in connection with a case on the law side of the court it is equally applicable to a case heard on agreed evidence on the equity side. The question on appeal from a decision on facts agreed as evidence is whether on all the evidence the decision was warranted. We are of opinion that it was. The court below was not, as a matter of law, required to find a breach of trust by Manuel, or that, it there was one, the plaintiff, as a transferee of trust property, knew or ought to have known of such breach. The stipulated evidence, while suggesting the possibility of fraud on the part of Manuel in purchasing the crane from the trust, does not require the conclusion that the transaction was fraudulent. Apart from what might be inferred from the disparity in the value of the crane and the amount paid by Manuel, there is no evidence of overreaching on his part. Evidence of such disparity, without more, does not establish fraud or undue influence. It cannot be said that the plaintiff's knowledge of Manuel's purchase of the crane from the trust for his unsecured note for $4,000, or the receipt of a check drawn on the account of M. Aronofsky & Sons, imports an inference that a breach of trust had occurred. Nothing in the stipulated evidence required the judge to find that the security agreement should not be enforced.

*Decree affirmed with*
*costs of appeal.*