PEABODY CONSTRUCTION CO., INC. *vs.* FIRST FEDERAL PARKING CORP. July 1, 1975. In its appeals from the interlocutory decree confirming the master's report and from the final decree, the defendant's sole contentions relate to the master's exclusion of evidence offered in support of so much of its counterclaim as sought damages for lost profits from the roof of its parking garage during the summer of 1969 because of the plaintiff's delay in completing the construction thereof, and to the master's refusal to make a finding as to the amount of those lost profits. 1. The five volumes of the transcript of evidence heard by the master (containing nearly 500 pages) which have been transmitted to us, but which he neither reported (*Boston Consol. Gas Co.* v. *Department of Pub. Util.* 329 Mass. 124, 128 [1952]) nor was ordered to report (compare *Shaw* v. *United Cape Cod Cranberry Co.* 332 Mass. 675, 679 [1955], and cases cited; contrast *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 405-407 [1937]), are not a part of the record on appeal (*Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden.* 326 Mass. 390, 391 [1950]; compare *Joyner* v. *Lenox Sav. Bank,* 322 Mass. 46, 57 [1947]), despite the allowance long after the entry of the final decree of the motion to designate the reporters who took that evidence as "the official reporters" and the transcript as "the official transcript," and of the motion to excuse the reproduction thereof for purposes of this appeal (compare *Dodge* v. *Inspector of Bldgs. of*

*Newburyport,* 340 Mass. 382, 386 [1960]; *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield,* 344 Mass. 329, 330, fn. 1 [1962]). If we are being asked by the parties to examine the transcript on our own motion, we decline to do so. *Peters* v. *Wallach,* 366 Mass. 622, 626-627 (1975). 2. Assuming without deciding that the master's reference to fragments of the transcript appended to the defendant's objections was a proper vehicle for reporting the evidentiary rulings objected to (see *Boston Consol. Gas. Co.* v. *Department of Pub. Util., supra*), we perceive no error apparent on the face of the master's report. *Morin* v. *Clark,* 296 Mass. 479, 484 (1937). *Minot* v. *Minot,* 319 Mass. 253, 258 (1946). Apart from the question whether Barrus' qualifications as an expert witness were sufficiently established (see *Matsushita Elec. Corp. of America* v. *Sonus Corp.* 362 Mass. 246, 264-265 [1972]; contrast *Rombola* v. *Cosindas,* 351 Mass. 382, 384, 386 [1966]), the record before us does not show that any proper foundation was laid for his proffered testimony as to the probable demand for parking spaces on the roof during the summer of 1969, which, for all that appears, amounted to mere speculation and guesswork. Nor does the record disclose any offer of proof as to whether he was prepared to venture an opinion as to the probable income therefrom during that period (compare *Ross* v. *Nourse,* 330 Mass. 666, 670 [1953]). There was no error in the exclusion of the other questions put to Barrus and those put to Phillips and the accountant, as there appears to have been no competent evidence of how the defendant's earnings experience during the fall of 1969 would relate to the amount of income denied it during the summer of that year (contrast *Rombola* v. *Cosindas, supra,* at 384-386). The only evidence suggesting that relationship was some of the excluded testimony of Barrus and Phillips, which was not shown to have been based on their personal knowledge (see Leach and Liacos, Handbook of Massachusetts Evidence, 100-101, 136 [4th ed. 1967]).

*Interlocutory decree affirmed.*
*Final decree affirmed.*

*John J. Murphy* for the defendant.
*John E. Lecomte* for the plaintiff.