JAMES M. HAZARD *vs.* PHILIP J. KEEFE, JR., & another. August 13, 1975. 1. There is no occasion for us to consider the propriety of the interlocutory decree overruling the defendants' demurrer to this bill in equity for specific performance of their contract to sell their premises to the plaintiff, as the demurrer was addressed solely to matters of pleading and the decree overruling it, from which no appeal was taken, is not shown to have erroneously affected the final decree subsequently entered. See G. L. c. 214, § 27 (as then in effect); *Burwen* v. *Burwen,* 2 Mass. App. Ct. 29, 31 (1974). 2. The defendants' appeals from the interlocutory decree confirming the master's report and from the final

Rescript Opinions.

decree granting specific performance are without merit. Their claim of variance between the master's findings and the allegations in the bill, not having been asserted in the Superior Court by any of the means available to the defendants for doing so (see *DiGiacomo* v. *Balboni, ante,* 749 [1975], and cases cited), cannot as of right be made here for the first time, and we do not consider it. *MacDonald & Payne Mach. Co., Inc.* v. *Metallic Arts of New England, Inc.* 324 Mass. 353, 358 (1949). *P. A. Dolan Co.* v. *P. S. Thorsen Co. of Massachusetts,* 324 Mass. 376, 377 (1949). *Kagan* v. *Levenson,* 334 Mass. 100, 106 (1956). Compare *Owens* v. *Dinkins,* 345 Mass. 106, 108 (1962). 3. Nor need we decide whether any of the master's "conclusions" were unwarranted by or inconsistent with his subsidiary findings, as we are not bound by those "conclusions" but instead must examine the subsidiary findings and the inferences which ought to be drawn from them and reach our own conclusions. *O'Brien* v. *Dwight,* 363 Mass. 256, 282 (1973). Applying that test to the subsidiary findings here, we draw the following conclusions: (a) that the defendants elected to make the necessary repairs to the premises under paragraph 10 of the contract after the storm of February, 1972; (b) that the requirement in that paragraph of written notice to the plaintiff of their election to do so was waived; (c) that the provision in paragraph 8 making time "of the essence" was also waived, at least for purposes of the closing date set forth in that paragraph and the thirty-day limitation on the time for completing the repairs in paragraph 10; (d) that the plaintiff never elected to pursue the remedies available to him under paragraphs 11 and 12 and hence that those paragraphs never became applicable to the transaction; and (e) that the defendants, after substantially completing the repairs, repudiated their obligations under the contract without justification. 4. It follows that the contract being enforced by the final decree was the written one alleged in the bill, with some of its provisions waived (see *Porter* v. *Harrington,* 262 Mass. 203, 207-208 [1928]; *Johnson* v. *Kelley,* 342 Mass. 724, 726 [1961]), rather than a subsequent oral agreement in substitution therefor (compare *Gentile Bros. Corp.* v. *Rowena Homes, Inc.* 352 Mass. 584, 590 [1967]), and that the Statute of Frauds (G. L. c. 259, § 1, Fourth), even if pleaded by the defendants or otherwise available to them (compare *Young* v. *Paquette,* 341 Mass. 67, 76 [1960], with *Frank* v. *Visockas,* 356 Mass. 227, 229 [1969]), would not have prevented such enforcement (*Stearns* v. *Hall,* 9 Cush. 31, 34-36 [1851]; *Moskow* v. *Burke,* 255 Mass. 563, 566-567 [1926]; *Siegel* v. *Knott,* 316 Mass. 526, 528-529 [1944]). Accordingly, the interlocutory decree confirming the master's report and the final decree are affirmed.

*So ordered.*

*David S. Tobin (Gerard R. Kineen* with him) for the defendants.

*Henry N. Frenette, Jr. (Frederick W. Adami, III,* with him) for the plaintiff.