JOHN W. LYNCH, JR. *vs.* PLANNING BOARD OF GROTON. February 17, 1976. We need not consider the board's contention that the plan submitted by the plaintiff for an endorsement that approval under the Subdivision Control Law was not required in fact showed a "subdivision" within the meaning of G. L. c. 41, § 81L (as amended through St. 1965, c. 61), as the board's failure to act upon it within fourteen days after its submission entitled the plaintiff to such an endorsement (G. L. c. 41, § 81P [as appearing in St. 1963, c. 363, § 1]; *Devine* v. *Town Clerk of Plymouth,* 3 Mass. App. Ct. 747, 748 [1975]), and the board's determination thereafter that the plan did require such approval was without legal effect (*Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 453-458 [1973]). Nor need we consider the board's claim, based on *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 164 (1959), that the plaintiff's bill in equity failed to raise the question whether he was entitled to such an endorsement by reason of the board's failure to take timely action, for it does not appear from the record that the board asserted such a claim of variance or estoppel before the master to whom the case was referred or the judge of the Superior Court who acted upon the master's report, either by filing objections to the master's findings relative thereto or otherwise. *Hazard* v. *Keefe,* 3 Mass. App. Ct. 775 (1975), and cases cited. The board's reliance throughout its brief on the transcript of the testimony heard by the master is misplaced, as it has long been settled that evidence which a master neither reports nor is ordered to report is not part of the record on appeal. *Peabody Constr. Co. Inc.* v. *First Federal Parking Corp.* 3 Mass. App. Ct. 768 (1975), and cases cited. We discover nothing in the changes in the applicable rules of court which took effect between the order of reference and the master's hearing to suggest a deviation from that principle. Compare Rule 90 of the Superior Court (1954), with Mass. R.Civ.P. 53(e)(1),(2), as amended, 367 Mass. 917 (1975), and Rule 49, § 7, of the Superior Court (1974). *Blakeley* v. *Pilgrim Packing Co. ante,* 19, 20, n.2 (1976).

*Judgment affirmed.*

*Peter D. Cole* for the defendant.
*Edward P. McDuffee,* for the plaintiff, submitted a brief.