TERENCE WING & another *vs.* HORACE DURKEE. November 25, 1980. In order to arrive at his finding (on which judgment was entered) that the defendant owed the plaintiffs $5,708.23, on account of construction work done unsatisfactorily or not done at all at the plaintiffs' residence, the trial judge found twenty separate components of damage. We cannot say the judge's findings on damages are clearly erroneous, as the defendant contends. As to most of the twenty subcategories of damage there is some support in the record in the form of documentary and testimonial evidence. As to the remaining components, the judge could have stitched together reasonable approximations of damage by interpolations from the defendant contractor's over-all proposal. The finder of fact on a question of damages may proceed to some extent on "estimate and judgment, sometimes upon meager evidence." *Piper* v. *Childs*, 290 Mass. 560, (1935). *Dalton* v. *Demos Bros. Gen. Contractors*, 334 Mass. 377, 378-379 (1956). Guided by items in the contractor's work write-up, testimony as to what was not done or done wrong, and by common sense, the trier could come to acceptable approximations of just damages. *Colangeli* v. *Construction Serv. Co.*, 353 Mass. 527, 530 (1968). See also *Air Technology Corp.* v. *General Elec. Co.*, 347 Mass. 613, 627 (1964); *National Merchandising Corp.* v. *Leyden*, 370 Mass. 425, 430 (1976). Compare *New England Mobile Book Fair, Inc.* v. *Boston*, 2 Mass. App. Ct. 404, 415 (1974). Our disposition makes it unnecessary to decide the issue raised by the plaintiffs on their cross appeal.

*Judgment affirmed.*

*Paul A. Kramer* for the defendant.
*Jeffrey E. Rossman & Marilyn Z. Roth*, for the plaintiffs, submitted a brief.