JOHN W. LYNCH, JR.[1] *vs.* TOWN OF GROTON & another.[2]  April 15, 1981. The defendants were granted summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824 (1974), on the plaintiff's complaint seeking to cause the town and its highway supervisor to maintain a certain unpaved wood road as a public way, pursuant to G. L. c. 84, §§ 1 and 7. We affirm the judgment.

1. Although the road's status as a public way had been asserted in *Lynch* v. *Planning Board of Groton*, 4 Mass. App. Ct. 781 (1976), the court

---

[1] Other abutters to the road were made parties to the action pursuant to Mass.R.Civ.P. 19(a), 365 Mass. 765 (1974), but they have not appealed.

[2] The highway supervisor of the town of Groton.

found it unnecessary to reach and to adjudicate that issue: "We need not consider the board's contention that the plan . . . in fact showed a 'subdivision' . . . as the board's failure to act upon it within fourteen days after its submission entitled the plaintiff to . . . an endorsement [under G. L. c. 41, § 81P], and the board's determination thereafter that the plan did require such approval was without legal effect." Compare and contrast *Morganelli* v. *Building Inspector of Canton*, 7 Mass. App. Ct. 475, 480 (1979) (where the rulings in the prior case were "'inextricably interwoven with the rulings of law and order for judgment'" in the second action). Thus, the issue here, the status of the road, is not res judicata, and the defendants are not precluded from denying in this action that the road is not a public way. *Whittemore* v. *Selectmen of Falmouth*, 304 Mass. 72, 74-75 (1939). See Restatement of Judgments § 69 (1942); Restatement (Second) of Judgments § 68, Comment o (Tent. Draft No. 4, 1977).

2. When the case first came on for hearing, a judge ordered that the abutters to the road be made parties to the action pursuant to Mass.R.Civ. P. 19(a), 365 Mass. 765 (1974), because "a finder of fact could reasonably infer that a public way had been established by prescription" thereby adversely affecting the abutters, if they owned the road. Even if we were to interpret this statement as a ruling rather than dictum, and we do not, it was not binding on the judge, who thereafter entered summary judgment in the defendants' favor. See *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 456-457 (1975), and authorities therein collected; *Coolidge Bank & Trust Co.* v. *First Ipswich Co.*, ante 923, 924 (1981).

3. The judge correctly ruled that the facts fell short of showing that the road had become a public way through prescription. They were insufficient to establish adverse use "by the public continuous for the requisite period." See *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 84-86 (1979). *Newburyport Redevelopment Authy.* v. *Commonwealth*, 9 Mass. App. Ct. 206, 227-228 (1980). The fact that the town listed the road as a public way on its annual estimate to the Commonwealth for assistance under G. L. c. 81 does not cure the deficiencies in the plaintiff's case. See *Boxborough* v. *Joatham Spring Realty Trust*, 356 Mass. 487, 490 (1969).

*Judgment affirmed.*

*Edward P. McDuffee* for the plaintiff.
*Peter D. Cole*, Town Counsel, for the defendants.