Forte, J.
This is an action in contract to recover a $6,248.46 balance allegedly due on a motor vehicle lease. Judgment was entered for the plaintiff, and the defendant now appeals on a charge of error in the trial court’s ruling in awarding damages.
The report indicates that on June 16,1989, Campbell & Chambers Insurance, Inc.[2] leased a new automobile from Sea Crest Cadillac-Pontiac, Inc. for a four year term at the monthly rental rate of $448.72. The vehicle was for the use of defendant Cornelius Bender who executed the lease as a guarantor. Sea Crest assigned the lease to BNE Vehicle Leasing, Inc., which in turn assigned the lease to U. B. Vehicle Leasing, Inc., the plaintiff in this action.
After defaulting on his monthly rental payments for both August and September, 1991, the defendant returned the vehicle to the plaintiff on October 10, 1991, approximately fifteen (15) months prior to the scheduled expiration date of the lease. The plaintiff sold the vehicle on October 28,1991 for $9,005.00.
The plaintiff instituted this action on July 14, 1992 to recover a lease balance of $6,248.46 plus interest and costs. A copy of the parties’ lease agreement was attached to the complaint. The defendant answered by way of general denial and an affirmative defense that the damages sought by the plaintiff constituted a penalty because the plaintiff had suffered no actual damages.
The plaintiff thereafter filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment supported by the affidavit of its leasing officer who attested that the plaintiffs books and records indicated a balance owed by the defendant in the “liquidated amount” of $6,527.48which the defendanthad refused to pay after demand by the plaintiff. The defendant did not submit a counteraffidavit, but filed a memorandum of law in opposition to the plaintiff’s Rule 56 motion. It was conceded therein that the defendant had terminated the lease prior to its expiration date and was liable for any actual damages sustained by the plaintiff, including lost profits. The defendant disputed, however, the plaintiffs entitlement to liquidated damages in the full amount of “the monthly payments for the rest of the original lease term” plus all past due amounts, late charges, attorney’s fees and other expenses as provided in paragraph 30 of the lease,[3] on the grounds that such liquidated damages were so greatly *194 disproportionate to the plaintiffs actual damages as to constitute an unenforceable penalty. Begelfer v. Najarian, 381 Mass. 177, 186 (1980); Warner v. Wilkey, 2 Mass. App. Ct. 798, 799 (1974).
The trial court denied the plaintiffs Rule 56 motion, but gave the parties the option of requesting a trial date or, alternatively, submitting the case on briefs. The parties chose the latter option, and briefs were submitted. The court entered a finding for the plaintiff and assessed damages in the amount of $6,527.48, based on the parties’ briefs and without any evidentiary hearing.
1. In assessing damages in accordance with the plaintiffs calculations, the trial judge effectively ruled that the liquidated damages in question did not constitute a penalty, and that paragraph 30 of the parties’ lease was properly enforceable. A contractual provision like paragraph 30 for liquidated damages in the event of breach is appropriate only
[wjhere actual damages are difficult to ascertain and where the sum agreed upon by the parties at the time of the execution of the contract represents a reasonable estimate of the actual damages....
Shapiro v. Grinspoon, 27 Mass. App. Ct. 596, 603 (1989). Whether a liquidated damages clause constitutes an unenforceable penalty “depends on the circumstances of each case,” and customarily presents a question of fact for a trial court. A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675 (1956). The defendant’s contentions in this case, considered in the context of the limited disclosures in the parties’ lease agreement, were sufficient to raise a material issue as to the validity of paragraph 30. In resolving such factual issue, the trial court was required to consider whether damages in the event of breach could have been readily determined at the time of lease execution, whether the liquidated damages amount or balance of monthly payments formula was a reasonable forecast of the plaintiff s actual damages, and whether the total liquidated damages were “so disproportionate to the actual expenses caused by the breach as to shock the conscience of the court and make it in reality a penalty.” Schrenko v. Regnante, 27 Mass. App. Ct. 282, 285 (1989). See also, Shapiro v. Grinspoon, supra at 605.
Even assuming arguendo that damages for breach of an automobile lease mightbe difficult to ascertain, see Multicar Leasing Co. v. The Presidential Ins. Agency Inc., 1982 Mass. App. Div. 271, 272, it is impossible in the instant case to determine the reasonableness of the liquidated damages sought by the plaintiff because there is no evidence of the actual damages ultimately sustained by the plaintiff. We conclude, therefore, that the expedited, informal procedure of submitting this case on briefs which was suggested by the trial court produced information ultimately insufficient to permit a proper resolution by the court of the dispositive issue. An evidentiary hearing should have been held.[4]
*195 2. The necessary evidence as to total actual damages is not set forth in the parties’ briefs. The plaintiffs principal contention in its brief is that the liquidated balance of the fifteen remaining monthly lease payments (plus past due amounts and litigation expenses) in fact equals the plaintiffs actual damages. Such contention simply begs the question at issue. Liquidated damages in the amount of the total remaining monthly payments were merely the plaintiffs estimate or forecast of actual damages made at the time of lease execution; actual damages are instead “measured, as of the time of the breach, against the actual losses caused by the breach.” Shapiro v. Grinspoon, supra at 604.
Similarly, the limited disclosures of the lease itself do not establish any connection between the balance of remaining payments and actual losses by the plaintiff. The lease indicates only that each monthly payment of $448.72 was comprised of a basic monthly rental fee plus a total of $39.71 in excise or personal property taxes, and sales or use taxes. The lease does not indicate what portion of the monthly payment was attributable to interest, or whether the taxes in question were levied monthly, were original taxes prorated over the term of the lease, or a combination thereof. Just as unearned, future interest constitutes an unrecoverable penalty, A-Z Servicenter, Inc. v. Segall, supra at 676, so too would any portion of the monthly lease payments attributable to future taxes for periods after the vehicle was returned to and sold by the plaintiff.
The only representation in the plaintiffs brief which constitutes some evidence of actual damages is the statement that its total lost profits for the remaining lease term amounted to $524.12. It thus appears on the basis of such statement that taxes and lost profits account for only $1,119.77 of the $6,730.80 balance of lease payments sought by the plaintiff. Even assuming arguendo that the taxes were properly recoverable in full, there is no evidence in the record to indicate that the remaining $5,611.11 in accelerated lease payments sought by the plaintiff reasonably approximated or bore any relation to the plaintiffs actual damages. It is equably possible on the basis of the parties’ briefs that the balance of lease payments was comprised of amortization/ depreciation, interest and taxes to which the plaintiff was not entitled after the return and sale of the vehicle.
3. A determination of actual as opposed to liquidated damages generally requires more competent evidence than counsels’ representations in legal briefs, National Grange Mut. Ins. Co. v. Walsh, 27 Mass. App. Ct. 155, 158 (1989). Given the evidentiary insufficiency of the parties’ briefs, the practical complexity inherent in determining the lessor’s actual damages, if any, upon the defendant’s breach of the automobile lease, and the public policy grounds for denying any recovery of unreasonably large liquidated damages, RESTATEMENT (SECOND) OF CONTRACTS, §356 (1) (1977), an evidentiary hearing in this case is in order.
Accordingly, the court’s judgment for the plaintiff is hereby vacated. The case is returned to the Salem Division of the District Court Department for a hearing consistent with this Opinion. So ordered.

 The report indicates that Campbell & Chambers Insurance, Inc. is now bankrupt, with all assets liquidated.

 Paragraph 30 states: “If the Lessee fails to make any payment under this Lease when it is due... BNEVL [the plaintiffs assignor] may terminate this Lease and take back the Vehicle in any manner permitted by law. Even if BNEVL retakes the Vehicle, the Lessee must still pay at once the monthly payments for the rest of the original lease term and any other amounts that the Lessee owes under this Lease. BNEVL will subtract from the amount owed sums received from the sale of the Vehicle in excess of the Estimated Residual Value of the Vehicle and any *194 other amounts required by law. The Lessee must also pay all expenses paid by BNEVL to enforce the rights of BNEW or its assignee under this Lease, including reasonable attorneys fees as permitted bylaw, and any damages caused by... the Lessee’s default. BNEVL may sell the Vehicle at public or private sale... and its assigns also may take any other action permitted by law.”

 Actions are commonly submitted, in lieu of evidence adduced at trial, on a case stated or agreement as to all material facts upon which the rights of the parties are to be determined, see Rogers v. Attorney General, 347 Mass. 126, 130 (1964); Scaccia v. Boston Elev. Rwy. Co. 308 Mass. 310, 313 (1941); on statements of agreed facts or evidence, see Mollahan v. McGrath, 357 Mass. 229, 232 (1970); Lapp Insulator Co. v. Boston & Maine RR, 330 Mass. 205, 206 (1953); or on stipulations or undisputed statements of counsel. Zottu v. Electronic Heating Corp., 334 Mass. 442, 446 (1956); Harper v. Harper, 329 Mass. 85, 88 (1952). In the instant case, however, the parties’briefs fall well short of constituting stipulations or agreed statements of evidence, or even *195 clear assertions of fact on dispositive issues. Legal argument and what may have been intended as factual representations are so interwoven in the briefs as to preclude any clear identification of statements of fact or evidence. What arguments the court may have treated as evidence, and what legal principles the court applied to the same remain, therefore, speculative on the state of this record.