Merrick, J.
This is an action for breach of a motor vehicle lease executed by defendant Cornelius Bender (“Bender”) on behalf of the corporate lessee, Campbell & Chambers Insurance, Inc., and in his individual capacity as guarantor of the corporation’s lease obligations.
The lessee defaulted on its lease payments and returned the vehicle with fifteen (15) months remaining on the forty-eight (48) month lease.
Bender first appealed to this Division on a charge of error in the trial court’s entry of summary judgment for the plaintiff in the full amount of the liquidated damages, costs and attorney’s fees provided for in the lease. In U.B. Vehicle Leasing, Inc. v. Bender, 1993 Mass. App. Div. 193, we affirmed the allowance of the plaintiff’s Dist./Mun. Cts. R. Civ. R, Rule 56 motion on the issue of liability, but returned the case to the trial court for an evidentiary hearing to determine if an award of liquidated damages under the lease resulted in the imposition of an unenforceable penalty and, if so, for an assessment and award of actual damages to the plaintiff. Bender conceded his liability for actual damages, including lost profits.
At the subsequent trial court hearing, the plaintiff offered testimonial and documentary evidence, and filed written requests for findings of fact and rulings of law. The defendant offered no evidence, filed no requests and was heard on oral argument only. After hearing, the trial court found that the contractual liquidated damages amount was so unreasonable as to constitute an unenforceable penalty, and awarded actual damages to the plaintiff. The award included lost profits through the term of the lease.
In determining the plaintiff’s actual damages, the trial court rejected the plaintiff’s claim for additional damages for its alleged loss on the sale of the vehicle after the lessee’s default, calculated as the difference between the value of the vehicle at the time of default[1] (which the plaintiff measured as the balance it owed on its purchase loan for the vehicle) and the proceeds realized from the sale of the vehicle. The court found that there was no credible evidence which established the liquidation figure with any degree of certainty, and omitted this item from its calculation.
Bender thereafter filed a Dist./Mun. Cts. R. Civ. R, Rule 59(e) motion to alter or amend judgment on the grounds[2] that the court’s rejection of the plaintiff’s evidence that it had sustained a loss on the sale of the vehicle precluded the court from determining the plaintiff’s actual damages. Bender contended that if the court could not find that the plaintiff had not suffered a loss on the sale, neither *102 could it find that the plaintiff had not earned a profit on the sale in an amount which would have exceeded and thereby canceled out any other award by the court for the plaintiffs lost profits. Bender now appeals the court’s denial of his motion on this ground.
1. To the extent that Bender’s arguments on this appeal present issues of law as to the applicable standard or measure of damages in this case or the sufficiency of the evidence to support the court’s assessment, Bender must be deemed to have waived any right to appellate consideration of the same. Bender failed to file any requests for rulings to raise and preserve such issues of law at the evidentiary hearing, and could not as of right raise such issues for the first time on a post-judgment motion pursuant to Rule 59. Randazzo v. O’Brien, 1985 Mass. App. Div. 122, 123. See generally, O’Donnell v. Bane, 385 Mass. 114, 121 (1982); Raunela v. Hertz Corp., 361 Mass. 341, 345 (1972); Arrow Paper Corp. v. Boylston Foods, Inc., 1 Mass. App. Ct. 808,809 (1973);Maccaronev. Phillips, 1986 Mass. App. Div. 17, 19.
2. The assessment of damages herein constituted findings of fact by the trial court. Kinnear v. General Mills, Inc., 308 Mass. 344, 349 (1941); Wing v. Durkee, 10 Mass. App. Ct. 924 (1980). In making such findings, the trial judge was not required to credit evidence offered by the plaintiff to show its alleged lost profits from the sale of the vehicle. See generally, MacDonald v. Hawker, 11 Mass. App. Ct 869 (1981); Peabody Constr. Co. v. First Fed. Parking Corp., 3 Mass. App. Ct. 768 (1975). Since the judge did not credit such evidence, the plaintiff must be deemed to have failed to satisfy its burden of proving any loss attributable to the sale. Lost profits on the sale were thus properly excluded from the damages awarded to the plaintiff.
Conversely, the burden of proving that the plaintiff instead earned a profit on the sale and that the plaintiff’s actual damages were or should have been reduced by the amount of such alleged profit was on Bender. Food Specialties, Inc. v. John C. Dowd, Inc., 339 Mass. 735, 748 (1959); McNally v. Schell, 293 Mass. 356, 360 (1936). As noted, Bender offered no evidence on this or any issue at the eviden-tiary hearing.
The decision of the trial court is affirmed. The report is dismissed.

This figure must be distinguished from the “residual value” of the car at the end of the 48 month lease term, 15 months after the lessee’s default. The court also rejected the plaintiff’s “residual value” evidence. The plaintiff has not appealed.

A11 other grounds of Bender’s Rule 59 motion were either allowed or waived.