LIQUID TRANSPORTERS, INC.,
Plaintiff-Appellee,

v.

TRAVELERS INSURANCE COMPANY,
Defendant-Appellant.

No. 14803.

United States Court of Appeals
Sixth Circuit.

Oct. 26, 1962.

Lively M. Wilson, Louisville, Ky., Stites, Peabody & Helm, Louisville, Ky., on brief, for appellant.

Joseph J. Leary, Frankfort, Ky., Smith, Reed & Leary, Frankfort, Ky., on brief, for appellee.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and PECK, District Judge.

PECK, District Judge.

The defendant-appellant issued its automobile liability insurance policy to plaintiff-appellee (the parties will hereinafter be referred to as they were designated in the court below), and a vehicle covered under the policy and driven by plaintiff's employee Basil Willis proceeded onto the premises of Western Tar Products Company to there deliver a load of hot tar. During the unloading of this cargo an explosion occurred resulting in serious personal injury to Willis, who filed suit against Western Tar for damages. The Aetna Casualty Company, Western Tar's general insurance carrier, called upon defendant to defend or settle that action, and having admitted coverage under its policy, defendant contracted to reimburse Aetna for costs of defense and settlement. Under this agreement, Aetna settled with Willis and was reimbursed by defendant in the amount of $17,298.51. This agreement and payment were entered into and made without plaintiff's knowledge or consent.

The insurance contract existing between the present parties provided for premium computation on the basis of a retrospective plan which permitted premium adjustment on a loss experience formula, and under it the settlement payment increased plaintiff's premium by $11,650.30.

When notified of the settlement plaintiff objected thereto on the ground that the Employee Exclusion Clause of the policy (Paragraph (g)) denied coverage as to Willis; that paragraph reads as follows:

"* * * This policy does not apply: * * * (g) Under Coverage A, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured, * * *."

Upon this state of facts, plaintiff brought this action for a declaration of

its rights under the policy, and under its motion for summary judgment the district court held that defendant had no right to settle the claim arising out of Willis' injuries, and directed defendant to credit plaintiff's account in the amount thereof. This appeal was perfected from that ruling.

A substantially identical employee exclusion provision was before this court for construction in Kelly v. State Automobile Insurance Association, 6 Cir., 1961, 288 F.2d 734. The policy there under consideration contained not only an "Employee Exclusion" provision (as did the policy considered in Travelers Insurance Company v. Ohio Farmers Indemnity Company, 6 Cir., 1958, 262 F.2d 132) but also a "Severability of Interests" clause (not present in the Travelers case, supra). The later case held this difference not to constitute a distinguishing factor, and following the earlier decision held·that no coverage was afforded to an additional insured for claims for personal injuries asserted by an employee of the named insured. Both the Travelers Insurance Company case and the Kelly case (which concerned virtually identical policy provisions to those here before us) were subsequently followed by this court in American Fidelity and Casualty Company, Inc. v. Indemnity Insurance Company of North America et al., 6 Cir., 1962, 308 F.2d 697, and in the absence of Kentucky court of last resort decisions in point no reason appears for not following these cases. Thus we not only reject defendant's specific suggestion that the Kelly case be overruled but also decline the implied invitation to overrule the American Fidelity case.

It is the further contention of the defendant that so long as it acted in good faith it had the right to negotiate, settle or defend any claim asserted against it under the policy issued to plaintiff. However, the policy specifically gave it this right "with respect to such insurance as is afforded by this policy * * *", thereby presenting the question as to whether insurance was afforded to Willis, which we have already resolved in the negative. In support of its general proposition, defendant cites a number of cases, but all are concerned with situations in which coverage was admitted and only the amount of damage or fact of liability remained undetermined. Such cases have no application where, as here, no coverage existed, as has been hereinabove established. This view of the matter having been adopted, it becomes unnecessary to consider whether defendant acted in good or bad faith in executing the settlement contract.

No controlling Kentucky law to the contrary appearing, we are of the opinion that the district judge was not in error in following the recent rulings of this court hereinabove referred to and held controlling in American Fidelity and Casualty Company, Inc. v. Indemnity Insurance Company of North America, supra.

The judgment is affirmed.