WILFRED J. CARRIER'S CASE.

Berkshire.     September 8, 1975. — October 3, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Workmen's Compensation Act,* What insurer liable, Lump sum settlement.

In a workmen's compensation case where an employee injured his hand in the course of his employment and subsequently injured his knee while employed by a second employer, a lump sum agreement between the employee and the second insurer precluded the employee from further recovery from the first insurer, under the well settled rule that the compensation must be paid solely by the insurer covering the risk at the time of the later injury, however small the degree of causation between the later injury and the incapacity. [504-505]

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Hayer,* J.

*John D. Lanoue* for the insurer.

*John T. Foynes* for the employee.

HALE, C.J.     This is an appeal by the insurer of an award under the Workmen's Compensation Act (G. L. c. 152, §§ 34, 35A, 36). The employee was first injured on October 3, 1966, while working as a painter for an employer insured by Shelby Mutual Insurance Co. (Shelby). That injury led to the amputation of his left index finger and five other surgical procedures on his left hand. The employee received

compensation from Shelby under §§ 34 and 35A until May 22, 1967. At that time the employee started work with a second employer insured by Hartford Accident and Indemnity Company (Hartford). On or about June 7, 1967, the employee injured his right knee after falling from a ladder while on the job. Hartford paid compensation benefits for a period of twenty-seven months. On September 5, 1969, Hartford and the employee reached a lump sum agreement (G. L. c. 152, § 48)[1] in the amount of $8,656. Shortly thereafter, the employee filed a claim with Shelby for compensation for total incapacity from September 6, 1969.

In May, 1971, a single member of the Industrial Accident Board awarded benefits for total incapacity and dependency from November 20, 1969,[2] to February 17, 1970, and for partial incapacity thereafter. The decision was affirmed by the reviewing board. The insurer appealed to the Superior Court, which recommitted the case to the board for findings on the contribution of the knee injury to the incapacity. The board determined that the knee injury contributed ten per cent to the incapacity between September 6, 1969, and the date of the member's decision. The insurer again appealed to the Superior Court, which again recommitted the case to the reviewing board, directing that the reviewing board make an award in accordance with its previous subsidiary findings. The reviewing board found that the knee injury contributed ten per cent to the total incapacity since September 6, 1969. Its award provided for total incapacity compensation to be paid by Shelby under § 34 for the period from November 20, 1969, through February 17, 1970; dependency compensation for that period under § 35A; and partial incapacity compensa-

---

[1] Section 48 provides, in pertinent part: "Whenever the division deems it to be for the best interests of the employee or his dependents, and the parties agree, the liability for compensation may be redeemed by the payment in whole or in part by the insurer of a lump sum of an amount to be fixed by the division, not exceeding the amount provided by this chapter."

[2] Shelby had paid compensation without prejudice from September 6, 1969, to November 20, 1969.

tion under § 35 from February 18, 1970, and continuing. Also awarded (but not the subject of this appeal) were payments of $500 for loss of function of the defendant's hand under § 36 (m) and (q) (as in effect prior to St. 1972, c. 741) and medical fees. On appeal the Superior Court entered a decree sustaining the reviewing board's award, and Shelby has appealed from that decree.

Shelby argues that the lump sum agreement between Hartford and the employee barred him from further recovery for incapacity caused in part by the second injury. For the reasons set out below, we agree and disallow such compensation.

It is well settled that "[t]he insurer covering the risk of ... [a] more recent injury which is causally related to the employee's disability is liable for the entire compensation for the current injury." *Frye's Case*, 361 Mass. 848 (1972). This rule applies no matter how small the degree of causation between the second injury and the incapacity. *Fitzpatrick's Case*, 331 Mass. 298 (1954). It does not matter that the second injury contributing to the incapacity is unrelated to the first injury, as long as both injuries have contributed to the same incapacity. Thus, in the present case, were it not for the lump sum agreement, the reviewing board's finding that the incapacity occurring after September 6, 1969, resulted in part from an injury occurring while Hartford was the insurer on the risk would bar recovery from Shelby.

The lump sum agreement provides no reason for a different result. Such an agreement functioned as a commutation of the right to receive future compensation payments, not as a compromise of a claim. "A lump sum settlement under § 48 is 'as near as possible to the present value of all the compensation payments which the employee would be entitled to receive in the future.' *Paltsios's Case*, 329 Mass. 526, 529 (1952)." *Henderson's Case*, 349 Mass. 683, 685 (1965). Hartford, as insurer on the risk at the time of the later injury which partially caused the incapacity after September 6, 1969, was solely liable for such compensation. It commuted its liability for future periodic payments into

a single present payment. The lump sum agreement should be regarded as a substitute for continuing periodic compensation payments. To allow an additional recovery against the first insurer in this situation would be to give the employee a double recovery for his incapacity. Such a recovery would violate the statutory scheme. Double recoveries are allowed only in the limited circumstances set out in § 28, upon a finding of serious and willful misconduct by the employer.

The final decree is reversed, and a judgment is to be entered by the Superior Court in accordance with this opinion.

*So ordered.*