MABEL L. CARRIER, executrix,[1] *vs.* SHELBY MUTUAL INSURANCE CO.

Berkshire.    April 8, 1976. — July 14, 1976.

Present: REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Workmen's Compensation Act,* What insurer liable, Lump sum settlement.

In a workmen's compensation case where an employee injured his hand in the course of his employment and subsequently injured his knee while employed by a second employer, a lump sum agreement between the employee and the second insurer precluded the employee from further recovery from the first insurer under the rule that the compensation must be paid solely by the insurer covering the risk at the time of the later injury, however small the degree of causation between the later injury and the incapacity. [675-677]

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Hayer,* J.

After review by the Appeals Court, the Supreme Judicial Court granted a request for further appellate review.

*John D. Lanoue* for the insurer.
*John T. Foynes* for the employee.

REARDON, J.    The case is here on further appellate review of the decision and order of a Superior Court judge ordering compensation to be paid to the employee by

---

[1] The employee, Wilfred J. Carrier, died on April 18, 1975, and the executrix was substituted as plaintiff.

Shelby Mutual Insurance Co. (the first insurer). The final decree of the Superior Court judge was reversed in the Appeals Court, which held that to allow the employee compensation from the first insurer after the employee had settled with a second insurer for a lump sum as the result of another injury contributing to his incapacity would constitute double recovery and violate the statutory scheme. *Carrier's Case,* 3 Mass. App. Ct. 502, 505 (1975). We agree with the Appeals Court. The facts indicate that the employee sustained an injury to his left hand while in the course of his employment with a realty trust company. The first insurer paid benefits under c. 152 until a date when the employee went to work as a painter for one Kearin, then insured by the Hartford Accident and Indemnity Company (the second insurer). While so employed he injured his right knee. The second insurer paid benefits thereafter for approximately twenty-seven months when it and the employee entered into an agreement by the terms of which the second insurer paid the employee a lump sum. Thereafter the employee filed a claim against the first insurer. A remand by the Superior Court judge to the Industrial Accident Board produced a decision to the effect that the employee's knee injury sustained while working for Kearin contributed ten per cent to his disability thereafter.

As argued by the first insurer, it is settled that on a series of injuries contributing to an existing condition of disability the insurer covering the risk at the time of the last injury is responsible for all disability payments. The rule was stated in *Evans's Case,* 299 Mass. 435, 436-437 (1938), in the following terms: "Where incapacity results from the combined effect of several distinct personal injuries, received during the successive periods of coverage of different insurers, the result is not an apportionment of responsibility nor responsibility on the part of either or any insurer at the election of the employee. The implication of the act is that only one of successive insurers is to make compensation for one and the same incapacity.... [T]he subsequent incapacity must be compensated by the

one which was the insurer at the time of the most recent injury that bore causal relation to the incapacity." This principle applies even though the significance of the most recent injury is relatively slight and a more serious former injury remains the major cause of the incapacity. See *McConolouge's Case,* 336 Mass. 396, 398-399 (1957); *Morin's Case,* 321 Mass. 310, 312 (1947).

Here there was a causal relationship between the second injury and the employee's incapacity, a situation diverse from that prevailing in *Dillon's Case,* 335 Mass. 285 (1957), where the employee had "fully recovered from the effect of the second injury" and his remaining partial incapacity was wholly attributable to the "residuals and symptoms of the first injury." *Id.* at 288-289. In the circumstances of this case the second insurer assumed the total liability for compensation due the employee, and the lump sum agreement entered into by the employee with the second insurer covered all compensation payments which the employee would be entitled to receive in the future as a result of his incapacity.[2] See *Paltsios's Case,* 329 Mass. 526, 529 (1952). Cf. *Henderson's Case,* 349 Mass. 683, 685 (1965).

Both the compensation the employee has elected to receive in a lump sum from the second insurer and the payments now sought from the first insurer are based on incapacity and cover the same period of time. To allow an additional recovery against the first insurer in this situation would be to give the employee a double recovery for his incapacity. See *Mizrahi's Case,* 320 Mass. 733, 735 (1947). It follows that the final decree of the Superior

---

[2] The employee in negotiating the lump sum agreement may have been laboring under the misapprehension that he was merely effecting a settlement of a claim with respect to his knee injury. The legal consequences, if there be any at all, of such a mistaken belief would not include the creation of liability in the first insurer for continuing compensation payments where no liability existed prior to the employee's agreement with the second insurer. We suggest as a desirable practice that at the time when a lump sum agreement is negotiated the employee be notified that its effect will be as is demonstrated in this case.

Court is reversed, and that judgment is to be entered in the Superior Court in accordance with this opinion.

*So ordered.*