ANGELO L. CORBOSIERO'S CASE.

Suffolk. December 3, 1980. -- March 20, 1981.

Present: HALE, C.J., CUTTER, & ARMSTRONG, JJ.

*Workmen's Compensation Act,* Claim, Compensation, Costs, Discontinuance of payments.

Where an insurer had paid an employee disability benefits for an injury sustained in May, 1969, until January, 1970, when the employee returned to work, and then resumed compensation payments in April, 1970, when the employee notified the insurer that he had suffered an aggravation of his previous injury, the insurer was precluded by G. L. c. 152, § 49, from challenging an award based on the April, 1970, injury on the ground that the employee had failed to file a claim for that injury. [592-593]

The Industrial Accident Board was warranted in relying on a stipulation as to an employee's average weekly wage when he was injured in May, 1969, to determine the amount of compensation due the employee for a subsequent injury in April, 1970, where there was no showing that the average wage had changed between the dates of the two injuries. [593]

The Industrial Accident Board erred in awarding costs to an employee under G. L. c. 152, § 14, on a finding that the insurer had illegally discontinued compensation payments where the insurer had defended against the employee's claim for compensation on the basis of medical evidence that the employee's disability was not work related. [593-594]

CERTIFICATION to the Superior Court Department of a decision by the Industrial Accident Board.

The case was heard by *Mitchell, J.*

*John D. Lanoue* for the insurer.

*Pasquale J. Ventola* for the employee.

HALE, C.J. The insurer appeals from a judgment entered in the Superior Court awarding compensation and costs to the employee under G. L. c. 152, § 14. The judgment affirmed the findings and decision of a reviewing board which had adopted the findings and decision of a single member.

The first day of the hearing before the member was January 18, 1973,[1] at which time the employee filed a claim for compensation. At that hearing the issues were stated to be: (1) total incapacity from May 6, 1969, to date, (2) illegal discontinuance, and (3) section 14 costs.

We summarize the facts found by the board. On May 6, 1969, the employee sustained an injury at work which caused him pain in the neck, lower back, and left leg. Compensation was paid on account of the disability resulting from this injury, pursuant to an agreement approved by the board, until January 2, 1970, when the employee returned to work. He worked until April 6, 1970, even though he continued to experience some pain. On April 2, 1970, while at work, the employee "suffered an aggravation of his previous injury." His pain became more severe after this incident. He informed the insurer of the April 2 incident by letter on April 8, 1970. The employee missed work from April 6 to April 13, 1970, but thereafter worked until April 27, 1970. He has not worked since. He was paid benefits for these absences, at the rate provided in the agreement, until June 28, 1971. In April of 1972 the employee underwent a disc operation which relieved the pain in his neck. He continued to experience pain in his lower back. Arrangements were made in late 1972, by a physician, for surgery on the employee's lower back. The operation was not performed due to his lack of funds. The board found that he had been totally incapacitated as a result of an injury sustained on April 2, 1970.

On January 29, 1971, the insurer filed an application for discontinuance of compensation payments based on medical reports which indicated that the employee was not incapacitated. In a letter dated June 22, 1971, the insurer's counsel complained to the board about its failure to set a hearing date for consideration of this application. Counsel also in-

---

[1] Eight separate hearing dates were scheduled at long intervals, concluding on November 15, 1976. The single member's decision was not filed until January 3, 1979.

formed the board that, in view of the delay in setting a hearing date, he would advise the insurer to terminate payments to the employee. On June 28, 1971, the employee's benefits were terminated. The board found this to be an illegal discontinuance.

1. We examine first the insurer's contention that an award based on the April, 1970, injury is beyond the jurisdiction of the board because the employee never filed a claim for that injury.

Even if we assume that the claim filed January 18, 1973, does not, by its terms, include the April injury,[2] it does not affect the outcome of this case as the insurer had paid compensation based on the incapacity resulting from the April injury. Having done so, the insurer is precluded by G. L. c. 152, § 49, from raising a complaint as to the lack of a claim based on that injury. See *DaGraca* v. *Feist*, 361 Mass. 85, 87 (1972). The insurer had paid benefits following April 2 apparently on the basis that the April 2 incident caused a recurrence of the disability resulting from the May, 1969, injury, rather than on the basis of a new injury. The decision to pay compensation was a "recognition by the insurer that the employee ha[d] asserted a claim that he ha[d] sustained an injury which arose out of and in the course of his employment."[3] *Thayer's Case*, 345 Mass. 36, 44 (1962). See *Fennell's Case*, 289 Mass. 89, 92-93 (1935); see also *Mercier's Case*, 315 Mass. 238, 242 (1943). Such recognition is particularly evident in this case because the only element of liability the insurer contested was incapacity. The insurer continued to recognize the claim for more than a year, as benefits were paid after the April, 1970, injury

---

[2] No copy of this claim has been filed with this court. The member's decision describes the claim as for compensation from and after May 6, 1969.

[3] *Morse's Case*, 345 Mass. 776 (1963), and *McHugh's Case*, 1 Mass. App. Ct. 803 (1973), are distinguishable. They held that voluntary payments are not an admission of liability. In this case, the employee has not claimed that the insurer made such an admission; he asserts merely that the insurer has recognized that a claim has been asserted.

until June, 1971. An employee, receiving benefits on disability resulting from an injury that may be either a recurrence of a previous injury or a new injury incurred in the service of the same employer, is unlikely to question the characterization of his injury made by the insurer. See *Moore's Case*, 249 Mass. 173, 176 (1924).

It was the insurer in this case which raised the question of the April 2, 1970, injury, and not the employee. It is clear from the evidence before the member that the insurer had investigated and knew of the nature and extent of the April, 1970, injury. The medical evidence before the member warranted the finding adopted by the board that the 1970 injury so aggravated the earlier injury as to amount to a new injury and a new and separate disability period. In these circumstances, the insurer cannot complain that it was misled by the employee's claim for compensation even if that claim had referred only to the May, 1969, injury. Misstatements in a claim as to time of injury are only fatal if the employee intended to mislead and the insurer was misled. G. L. c. 152, § 49. Compare *Hankowski's Case*, 339 Mass. 388, 391-392 (1959). See *Joyce's Case*, 350 Mass. 77, 81 (1966).

2. The insurer argues that the award of benefits based on an average weekly wage of $118.17 was not supported by the evidence. The board relied on the parties' agreement that the average weekly wage was $118.17 in awarding compensation based on the April injury. See *Carroll's Case*, 225 Mass. 203, 208 (1916). The language of the stipulation was not limited to the May, 1969, injury. As neither party at any later time made any showing that the average wage had changed, the board was warranted in applying that average in determining the compensation for the disability arising from the April, 1970, injury.

3. The insurer argues that the award of costs to the employee under G. L. c. 152, § 14, was error as a matter of law. The award in this case appears to have been based on the finding by the board of an illegal discontinuance.[4] The

---

[4] The present factual pattern is unlikely to reoccur because the procedure for processing applications for discontinuance and other benefits

language of the section does not provide for an award of costs solely on the basis of such a discontinuance, but provides that costs are to be awarded if it is determined that a party has "brought, prosecuted or defended" proceedings "without reasonable ground." G. L. c. 152, § 14, as amended by St. 1953, c. 314, § 6. The insurer, in this case, defended its action in discontinuing compensation payments and against the employee's claims for compensation on the basis of medical evidence from which it could have been found that the employee's disability was not work related. This was a reasonable basis on which to defend against the employee's claim for compensation, and it was error to award § 14 costs.

Given the nature of this hearing, as one primarily concerning the continuance of compensation, reasonable costs under G. L. c. 152, § 12A, as appearing in St. 1972, c. 742, § 6, should be awarded. The assessment of such costs is a matter for the board. Compare *Lambert's Case*, 325 Mass. 516, 519 (1950); *Ramalhete* v. *Uni-Royal, Inc.*, 4 Mass. App. Ct. 597, 600 (1976).

Paragraph 7 of the judgment (the award of costs) is vacated, and the balance of the judgment is affirmed. The case is remanded to the Superior Court for recommittal to the Industrial Accident Board for a determination of the amount of costs to be awarded the employee under G. L. c. 152, § 12A, as amended. The new judgment will also update the amount of interest to be awarded the employee under G. L. c. 152, § 50.

*So ordered.*

disputes was substantially altered by St. 1971, c. 974 (approved November 1, 1971), and St. 1972, c. 742, § 1.