GEORGE HARKINS *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another.[1] March 22, 1983. The local retirement board was not a party to and was not bound by the provisions of the lump sum settlement agreement which the injured and disabled (G. L. c. 32, § 7 [1]) employee and his wife entered into with the town's workmen's compensation insurer (G. L. c. 152, § 48, as in effect prior to St. 1977, c. 776, § 1; *West's Case*,

---

[1] Milton retirement board.

313 Mass. 146, 153-154 [1943]). However, the effect of the presumption of regularity (*Century Cab, Inc.* v. *Commissioner of Ins.*, 327 Mass. 652, 668 [1951]; *Massachusetts Elec. Co.* v. *Department of Pub. Util.*, 376 Mass. 294, 312 [1978]) which attached to that settlement by reason of its approval by the division of industrial accidents (see *Hansen's Case*, 350 Mass. 178, 180 [1966]) was to place the burden on the local board, if it wished to avail itself of an offset under G. L. c. 32, § 14(2) (*a*) (see Locke, Workmen's Compensation § 623, at 759 [2d ed. 1981]), to introduce evidence (Liacos, Massachusetts Evidence 41 [5th ed. 1981]) in the course of the proceedings under G. L. c. 32, § 16(4), from which the hearings officer (G. L. c. 7, § 4H) could find that one or more of the specifically identified components of the settlement represented money which should have been paid under one or more of the five sections of G. L. c. 152 which are listed in the first sentence of the aforementioned § 14(2) (*a*). Although there was evidence from which the hearings officer could have found (although he did not) that the $5,000 component of the settlement which was paid to the wife represented compensation to her for nursing services she had rendered to the employee rather than a liquidation of her contingent rights as a surviving dependent (see *McFarlane's Case*, 330 Mass. 573, 575-576 [1953]), there was no evidence from which it could have been found that any component of the settlement or any part of such component (apart from the $1,000 paid to the employee which was never in dispute) represented or was intended as a substitute for an amount which should have been paid under any of the aforementioned five sections of c. 152. The judgment of the Superior Court should not have allowed any offset in excess of the $1,000, but as the employee has failed to appeal from the total offset of $3,000 that was allowed therein, the judgment is affirmed.

*So ordered.*

*Robert D. O'Leary,* Town Counsel, for Milton Retirement Board.

*George M. Matthews,* Assistant Attorney General, for Contributory Retirement Appeal Board.

*Paul F. Applebaum* for the plaintiff.