FRANK D. WAYNE ASSOCIATES, INC. *vs.* PAUL A. LUSSIER. September 16, 1983. *Practice, Civil,* Master: findings, report of evidence. *Contract,* Covenant against competition. *Evidence,* Relevancy and materiality. *Damages,* Breach of covenant against competition.

The defendant appeals from a judgment confirming a master's report which awarded $50,000 in damages (less an offset in an agreed amount

for commissions earned by the defendant) for breach of a covenant not to compete. We affirm.

1. Although several hundred pages of the transcript of the hearings before the master, as well as the exhibits introduced in those proceedings, have been reproduced in the record appendix, we decline to look at this material. The order of reference provided that the evidence was not to be reported, and there is no indication in the record that the judge subsequently ordered the evidence to be reported. See *Shelburne Shirt Co.* v. *Singer,* 322 Mass. 262, 265 (1948). "[E]vidence which a master neither reports nor is ordered to report is not part of the record on appeal." *Lynch* v. *Planning Bd. of Groton,* 4 Mass. App. Ct. 781 (1976). See *Robbins* v. *Robbins, ante* 576, 577 n.1 (1983).[1] Not having followed the steps set forth in *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 314-317 (1980), the defendant may not now claim that a subsidiary or ultimate finding of the master is not supported by the evidence. The order of reference provided "facts final." Thus under Mass.R.Civ.P. 53(e)(4), 365 Mass. 820 (1974), as in effect prior to the 1982 amendment, "only questions of law arising upon the report shall thereafter be considered."

2. The master found that the plaintiff and the defendant entered into an agreement on August 25, 1973, under which the defendant became a real estate salesman for the plaintiff. The agreement contained a clause prohibiting the defendant after termination from using any information gained from the plaintiff's files and also prevented him from conducting a competing business for a period of two years in the communities of Southampton, Easthampton, Westhampton, Huntington, Northampton, Holyoke and Westfield. The defendant terminated the arrangement and, contrary to the agreement, directly competed with the plaintiff within the prohibited geographic area.

The thrust of the defendant's argument is directed to the following findings of the master as to the plaintiff's damages.

"[15](i) It is found that Plaintiff has been damaged by the Defendant's breach of his Agreement. It is found that Plaintiff suffered a very substantial decrease in income following termination of the Agreement by Defendant although it cannot be found as a matter of certainty that all of the loss or decrease is attributable directly to the Defendant's termination of the Agreement (e.g., did the decrease result from less effort on the part of the employees or less effort on the part of Wayne or a general decrease in real estate activity, or a direct competition of the Defendant). It is found that Defendant did in fact earn substantial real estate commissions

---

[1] The filing of the transcript by agreement of the parties with the clerk of the trial court does not change its status in the absence of a change in the order of reference. See *Glynn* v. *Gloucester,* 9 Mass. App. Ct. 454, 458 n.6 (1980). Similarly, the allowance by the trial judge of the defendant's motion to include the transcript in the record on appeal does not enhance its status. See *Peabody Constr. Co.* v. *First Fed. Parking Corp.,* 3 Mass. App. Ct. 768 (1975).

while engaged in direct competition with Plaintiff during the period of the Covenant not to Compete within the territorial limits specified in the Agreement, although it cannot be said with certainty that all of such income would have gone to the Plaintiff or Wayne if it did not go to the Defendant (e.g., some or many of the customers might have dealt with an entirely different real estate agency).

"[15](j) On the evidence, I find that the Plaintiff has been damaged by loss of business and goodwill due to the actions of the Defendant in engaging directly in competition with the Plaintiff in violation of the Agreement in the amount of $50,000.00."

Relying on *Lufkin's Real Estate, Inc.* v. *Aseph,* 349 Mass. 343, 346 (1965), and *Snelling & Snelling of Mass., Inc.* v. *Wall,* 345 Mass. 634, 635 (1963), the defendant argues that a more solid foundation in fact is needed to recover damages for breach of a covenant not to compete than for breaches of other contracts and that the statements in par. 15(i) show that the award made is too speculative. The cases cited do not impose such a rule, and there is no requirement that such a degree of proof be shown. See generally 11 Williston, Contracts § 1406 (3d ed. 1968). It is true that "the task of quantifying the consequences of violating a noncompetition clause is a particularly difficult and elusive one," *Kroeger* v. *Stop & Shop Cos.,* 13 Mass. App. Ct. 310, 322 (1982), and, for this reason, injunctive relief is often given. Damages are not, however, precluded. As in other cases where lost profits have to be valued, see, e.g., *Matsushita Elec. Corp. of America* v. *Sonus Corp.,* 362 Mass. 246, 264 (1972), mathematical accuracy of proof is not required, and estimates are in order. *Smith* v. *Brown,* 164 Mass. 584, 586 (1895). On the record before us, see part 1, *supra,* we have no basis for saying that the statements in par. 15(i) of the master's report in themselves show that the award was improper. See *National Merchandising Corp.* v. *Leyden,* 370 Mass. 425, 431 (n.10) (1976).

3. The master's report specifically preserved for review the defendant's claim that evidence of the plaintiff's revenues should not have been admitted in evidence. There was no error. The plaintiff's "earnings record, while not conclusive, is admissible as evidence of the extent of damages caused by the breach." *Rombola* v. *Cosindas,* 351 Mass. 382, 386 (1966), and cases cited. *Matsushita Elec. Corp. of America,* 362 Mass. at 264. Similarly, the defendant's income was relevant. See *National Merchandising Corp.* v. *Leyden,* 370 Mass. at 431. See generally 11 Williston, Contracts § 1406 (3d ed. 1968).

4. The defendant argues that the plaintiff, having obtained injunctive relief, may not also recover damages. The injunction, however, was not issued until a few months after the breach and hence damages may be awarded for the period before the injunction went into effect. In addition, the injunction was considerably more limited than the noncompetition clause of the agreement. The defendant was only enjoined from

selling to persons who "had either listed, purchased, or sold real estate" through the plaintiff and was not otherwise restrained from making sales in the prohibited territories.[2]

It was wholly appropriate for the judge to issue a limited injunction at the preliminary stage of the proceedings. Since his "assessment of the parties' lawful rights" at that time might not correspond to the final judgment, the purpose of the preliminary injunction was not to award full relief but rather to "seek to minimize the harm that final relief cannot redress." *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 616 (1980). Only after a full hearing could the measure of relief to which the plaintiff was entitled be properly determined.

On this record, see part 1, *supra*, the defendant may not argue that the evidence shows that the clause was unreasonable. There is nothing in the master's report (or for that matter in the defendant's assertions) suggesting error in the master's conclusion that the two-year period was not too long, and that the territorial scope of the covenant was not broader than the plaintiff's legitimate business interests. Since the contractual restraint was found to be lawful, and since the injunctive relief given was narrower than the restraint to which the plaintiff was entitled under the contract, the injunction did not preclude an award of damages. See *Foss* v. *Roby*, 195 Mass. 292, 298 (1907); *Brandt* v. *Olympic Constr., Inc.*, ante 913, 916 (1983).

5. No error appears on the face of the master's report in his finding that the plaintiff did not break the contract.

*Judgment affirmed.*

*James Coyne King* for the defendant.
*Judith Kundl* for the plaintiff.


---

[2] The defendant stresses a statement in the master's report that "there was no evidence that the Defendant competed with the Plaintiff in violation of the Agreement during the period of time the injunction was in effect." The context of that statement indicates that the master meant that the defendant did not violate that portion of the covenant which prohibited the use by the defendant of information gained from the plaintiff's files; he did not mean that the defendant did not sell in the geographic area prohibited by the agreement during the period of the injunction.