## Home Indemnity Insurance Company *vs*. Merchants Distributors, Inc.

Suffolk.  May 10, 1984. — November 29, 1984.

Present: Grant, Dreben, & Warner, JJ.

*Workmen's Compensation Act,* Agreement as to compensation, Time of injury, Premium.

Where an employee suffered an injury on March 27, 1972, when his employer's workmen's compensation insurance policy provided for retrospective adjustment of premium charges to reflect the employer's actual losses, and suffered a second injury on August 12, 1975, when the employer was insured under a standard policy requiring predetermined nonadjustable premiums; where a clause in the first policy provided that the insurer "may make such . . . settlement of any claim as it deems expedient"; and where a settlement agreement between the insurer and the employee specified March 27, 1972, as the date of the injury, it was held that the employer was bound by the date of injury set forth in the settlement agreement and consequently was liable to the insurer for payment of retrospective premiums under the first policy. [23-25] Dreben, J., dissenting.

Civil action commenced in the Boston Municipal Court Department on October 25, 1978.

Upon transfer to the Superior Court Department, motions for summary judgment were heard by *William C. O'Neil, Jr.,* J., on a master's report.

*David P. Dwork* for the plaintiff.

*Bernard T. Loughran* (*Mary E. Corbett* with him) for the defendant.

Warner, J. The plaintiff, Home Indemnity Insurance Company (Home Indemnity), brought this action against the defendant, Merchants Distributors, Inc. (Merchants), for payment of a retrospective workers' compensation insurance premium. A master's report was adopted and thereafter, on cross motions for summary judgment, Mass.R.Civ.P. 56, 365 Mass. 824 (1974), judgment entered for Merchants.

We summarize the facts from the findings of the master.[1] From 1970 until 1973, Home Indemnity provided Merchants with workers' compensation liability insurance under a retrospective premium policy in which the premiums were adjusted through periodic assessments to reflect Merchants' actual loss experience. For the period from January 1, 1973, until January 1, 1976, Home Indemnity insured Merchants under a standard policy requiring payments of predetermined nonadjustable annual premiums.

On March 24, 1972, one Hodges, a Merchants' employee, injured his back in the course of his employment. He aggravated this injury while at work on March 27, 1972. Home Indemnity paid medical bills incurred by Hodges on account of this injury. Despite suffering intermittent back pain, Hodges continued to work for Merchants until May 12, 1975, when his pain became so severe that he was unable to work. Home Indemnity paid Hodges weekly compensation for this disability pursuant to a "Standard Form for Agreement as to Compensation" signed by both Hodges and Home Indemnity, specifying March 27, 1972, as the date of the injury, characterized as back sprain.

Hodges returned to work on June 8, 1975, but his back pain recurred on August 12, 1975, after another work-related incident. He was unable to return to work after August 12, 1975, and he resigned from Merchants on October 9, 1975. Thereafter a second "Standard Form for Agreement as to Compensation"

---

[1] The order of reference to the master was entered on June 25, 1982, and is governed by the provisions of Mass.R.Civ.P. 53, as amended, 367 Mass. 917 (1975), in effect prior to the 1982 amendment to the rule (effective July 1, 1982). The order provided that the master was not to file a transcript of the evidence with his report, and the evidence is, therefore, not before us, nor was it properly before the Superior Court. See *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 186-187 (1976); *Robbins* v. *Robbins,* 16 Mass. App. Ct. 576, 577 n.1 (1983); *Frank D. Wayne Associates* v. *Lussier,* 16 Mass. App. Ct. 986, 987 (1983); *Russell* v. *Russell,* 18 Mass. App. Ct. 957, 957-958 (1984). We do not consider the denial of Home Indemnity's objection to and motion to strike a portion of the master's report as unsupported by the evidence for the reason, if no other, that no summary of the evidence was sought or provided. See *Michelson* v. *Aronson, supra* at 187-190. See also *Artco, Inc.* v. *DiFruscia,* 5 Mass. App. Ct. 513, 515-516 (1977); *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 314-317 (1980).

was signed by the parties, again specifying March 27, 1972, as the date of Hodges' injury.

Hodges received weekly payments in compensation for his disability until March 30, 1976, when he entered into a lump sum agreement pursuant to G. L. c. 152, § 48, with Home Indemnity in final settlement of his claim. See *Carrier's Case,* 3 Mass. App. Ct. 502, 504 (1975), *S.C.,* sub nom. *Carrier* v. *Shelby Mut. Liab. Ins. Co.,* 370 Mass. 674 (1976); Locke, Workmen's Compensation § 551 (2d ed. 1981). The lump sum agreement specified March 27, 1972, as the date of Hodges' disabling injury, and, so, rendered the payment chargeable to the retrospective premium policy. The Home Indemnity supervisor handling Hodges' claim was unaware that there were two different policies and had not been directed to apply Hodges' disability payments to a particular policy or year. Hodges submitted independent claims for both the March, 1972, and August, 1975, incidents. Home Indemnity billed Merchants for $28,086.00, as a retrospective premium under the policy in effect on March 27, 1972.

The master found that the incident of August 12, 1975, "contributed to, and was causally connected with [Hodges'] subsequent disability, though another more substantial cause was his injury incurred while at work on March 27, 1972." The master concluded that if Merchants was bound by the date of injury set forth in the lump sum agreement and settlement for purposes of determining which insurance policy applied, Merchants owed Home Indemnity the retrospective premium; otherwise, the settlement fell under the predetermined nonadjustable annual premium policy in effect on August 12, 1975. The judge determined that Merchants was not bound by the date of injury specified in the agreement and settlement, to which it was not a party, as there was a conflict of interest between Home Indemnity and Merchants, and concluded that the retrospective premium policy did not apply. We reverse.

Merchants contends that the master's finding that Hodges suffered a second injury on August 12, 1975, that "contributed to and was causally connected with his subsequent disability," requires a conclusion that the lump sum settlement should be

charged to the predetermined annual premium policy under the "successive insurer rule." Under that rule, "[w]hen successive compensable injuries contribute to an employee's disability, the insurer covering the risk at the time of the most recent injury must assume all payments for the final disability." *Zerofski's Case,* 385 Mass. 590, 592 (1982). See *Evans's Case,* 299 Mass. 435, 436-437 (1938); *Rock's Case,* 323 Mass. 428, 429 (1948); *Carrier* v. *Shelby Mut. Liab. Ins. Co.,* 370 Mass. at 675-676. See also 8B Appleman, Insurance Law and Practice § 4933, at 22 (1981). "This principle applies even though the significance of the most recent injury is relatively slight and a more serious former injury remains the major cause of the incapacity." *Carrier,* 370 Mass. at 676. See *Rock's Case,* 323 Mass. at 429. We conclude, for the reasons which follow, that that rule does not apply in this case.

We are here concerned not with any policy of the workers' compensation act but with the settlement clause of an insurance contract (the retrospective premium policy) as it affects the rights of the contracting parties.[2] In the view of the majority

---

[2] The dissent's reliance on *West's Case,* 313 Mass. 146 (1943), is misplaced. That case involved the assertion by an employee of a claim for double compensation after settlement with the insurer of his regular compensation claim. The ultimate burden of the payment of the extra compensation would fall on the employer. The employee was making a new claim seeking the imposition of new liability, and the employer was by statute, G. L. c. 152, § 28, as appearing in St. 1934, c. 292, § 2, expressly given the right to "appear and defend against such claim only." The court in *West* construed the provisions of the workers' compensation act and not those of the insurance contract. The cases of *Harkins* v. *Contributory Retirement Appeal Bd.,* 15 Mass. App. Ct. 964 (1983), *Liquid Transporters, Inc.* v. *Travelers Ins. Co.,* 308 F.2d 809 (6th Cir. 1962), and *Williams* v. *Bituminous Cas. Corp.,* 51 N.J. 146 (1968), are inapposite. In *Harkins,* the employee was asserting a new claim for retirement benefits after having settled a workers' compensation claim. The town, through its retirement board, was obviously not a party to the latter proceeding, and there was no contractual relationship with the insurer with respect thereto. *Liquid Transporters* involved a situation where, by the express terms of an automobile liability policy, an injury claim was not covered. In *Williams,* it was held that an insurer which denied coverage was not bound by a determination of the date of injury in a prior compensation proceeding by an employee against his employer, where the insurer could not have intervened in that proceeding without being estopped to deny coverage.

it is unnecessary to go beyond the language of the settlement clause.[3] That clause provides:

> "As respects the insurance afforded by the other terms of this policy the company [Insurer] shall:
>
> "(a) defend any proceedings against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof . . . *but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient*" (emphasis supplied).

The construction to be given to the italicized portion of the clause is well settled. In considering identical language, the Supreme Judicial Court recognized long established authority that such a provision leaves the matter of settlement of claims "entirely to the insurer's discretion," subject only to its good faith exercise. *Murach* v. *Massachusetts Bonding & Ins. Co.,* 339 Mass. 184, 186-187 (1959). In another case construing the same language, the court stated: "[E]ven if [the insured] were ignorant of the settlement, it is not open to attack by him in the absence of evidence showing fraud or negligence on the part of the [insurer] [citations omitted]. The 'policy entrusts the matter of settlement to the judgment of the insurer, and . . . its judgment, exercised in good faith, is final.'" *Service Mut. Liab. Ins. Co.* v. *Aronofsky,* 308 Mass. 249, 252 (1941), quoting from *Abrams* v. *Factory Mut. Liab. Ins. Co.,* 298 Mass. 141, 145 (1937). "Good faith . . . requires that [the insurer] exercise common prudence to discover the facts as to liability and damages upon which an intelligent decision may be based." *Murach* v. *Massachusetts Bonding & Ins. Co., supra* at 187. Thus, this is obviously not a case calling for the application of the rule of strict construction of insurance policy provisions against the insurer. See *Charles Dowd Box Co.* v. *Fireman's Fund Ins. Co.,* 351 Mass. 113, 119-120 (1966).

---

[3] The master set out the applicable clause and made no reference to any other provision of the retrospective or standard premium policies which might bear on the issue presented.

Home Indemnity was entitled to rely on the well-settled judicial construction of the language of the settlement clause which it used in its insurance contract with Merchants.

The lump sum agreement and settlement with Hodges specified March 27, 1972, as the date Hodges was injured. Central to the question of the liability of the insurer was the date of injury. Assignment of the date of injury is a beginning point in any settlement of a personal injury claim. Neither fraud nor negligence was alleged by Merchants or found by the master. The master expressly found that there was no bad faith on Home Indemnity's part in connection with the settlement; Merchants does not challenge that finding. We are bound by the master's findings of fact unless they are "mutually inconsistent, contradictory, plainly wrong or vitiated in view of the controlling law," *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 (1975), and conclude that the finding as to absence of bad faith was valid. Accordingly, the date of injury assigned by Home Indemnity controlled in determining the applicable insurance policy.

It has been recognized that a settlement clause is primarily for the benefit of the insurer and that the exercise of the insurer's rights thereunder may take place even where there is a conflict of interest between the insured and the insurer. See *Long* v. *Union Indem. Co.,* 277 Mass. 428, 430 (1931); *Abrams* v. *Factory Mut. Liab. Ins. Co.,* 298 Mass. at 143-145. The fraud, negligence and good faith standards have been thought to be sufficient protection for the insured. See *Murach* v. *Massachusetts Bonding & Ins. Co.,* 339 Mass. at 187. Moreover, Merchants appears to have been experienced in business matters and "not likely to be unaware of the existence of the prospective conflict of interests" when it purchased a standard premium policy for the period from January 1, 1973, through January 1, 1976. *Id.* at 189.

The judgment for the defendant is reversed, and a new judgment is to enter for the plaintiff.

*So ordered.*

DREBEN, J., (dissenting). The question before us concerns the interpretation of a provision in an insurance policy giving the insurer the right to defend and settle claims brought by the insured's employees. More particularly, we are asked to decide whether the recitation of the date of injury in a settlement agreement between the insurer and the employee, a matter which the master found to be of little or no concern to the employee,[1] conclusively establishes as between the insured and insurer which of two policies issued by the insurer covers the loss. The majority of the panel have decided that the insured, which was not a party to the settlement, is bound by the recitation. As a result, the insured must pay to the insurer what appears, in the words of the motion judge, to be "all or substantially all the insurer's payments to the claimants."

The two insurance policies were not made parts of the report and are not before us. *Frank D. Wayne Associates* v. *Lussier,* 16 Mass. App. Ct. 986, 987 (1983). The record does not disclose whether they were called for by the motion judge. All that is before us is the excerpt from the 1972 policy quoted in the majority opinion which gives the insurer the right to defend and settle claims.

An obvious reason for giving the insurer control of a lawsuit against the insured is that it will be liable if the insured's defenses fail. It is not at all obvious, however, that the plain meaning of the language gives the insurer the right to determine coverage. In fact, the excerpt itself limits the right to settle claims "[a]s respects *the insurance afforded by . . . this policy*" (emphasis supplied). Whether coverage is afforded by the 1972 policy is the issue here, and the settlement clause does not

---

[1] The master found, based on the employee's "manner and demeanor," that he "was not especially concerned whether the documents in question referred to the 1972 incident or to a 1975 incident, so long as he received the desired payments from the Insurer." Although the rate of compensation payable on account of an earlier injury may be less than the rate payable on account of a later injury, the parties have flexibility to compromise on other factors such as the extent of the disability. As a result, the characterization of the date of the injury is often of little consequence to the injured employee. See *Borstel's Case,* 307 Mass. 24, 26 (1940); *Corbosiero's Case,* 11 Mass. App. Ct. 590, 593 (1981); Locke, Workmen's Compensation § 551 (2d ed. 1981).

purport to give the insurer the authority to make that determination. In *Liquid Transporters, Inc.* v. *Travelers Ins. Co.,* 308 F.2d 809, 810 (6th Cir. 1962), an insured, under a policy containing what appears to be the same clause, was not required to pay an insurer retrospective premiums despite a settlement made by the insurer. The settlement clause, which contained the language "with respect to such insurance as is afforded by this policy," was construed as giving the insured the opportunity to show that the policy did not cover the risk. *Ibid.* Cf. *Williams* v. *Bituminous Cas. Corp.,* 51 N.J. 146, 149 (1968). Once it could be shown that coverage did not exist, the question whether the insurer had acted in good or bad faith became irrelevant. *Liquid Transporters, Inc., supra* at 810.

The majority's construction of the clause is also not in keeping with the rule of elementary fairness which entitles a party to be heard before imposing liability, see *West's Case,* 313 Mass. 146, 155 (1943); *Thayer's Case,* 345 Mass. 36, 44-45 (1962); *Harkins* v. *Contributory Retirement Appeal Bd.,* 15 Mass. App. Ct. 964, 964-965 (1983), nor with the normal rule which construes insurance provisions against the insurer. Compare *Lumbermens Mut. Cas. Co.* v. *DeCenzo,* 18 Mass. App. Ct. 973, 975 (1984). Moreover, no policy of the workers' compensation act requires the majority's construction. To the contrary, in analogous situations where the employee's right to basic compensation is not in dispute, the act provides, or has been construed to require, that each interested party be afforded an opportunity to present its own case without being bound by a previous determination to which it was not a party. See *West's Case,* 313 Mass. at 153-155; *Thayer's Case,* 345 Mass. at 45-46. See also G. L. c. 152, §§ 15A, 28, and 48.[2]

In my view, neither the language nor the purpose of the excerpt, to the extent apparent on this record, demands its application to this dispute between the insurer and the insured as to which of the two policies provides coverage.[3] I would

---

[2] The second paragraph of § 48 was enacted by St. 1977, c. 776, § 1, subsequent to the settlement in this case.

[3] Here the master found that the later incident contributed to the employee's injury. That finding, unless the insured is bound by the recitation of date in

hold, therefore, that the insurer has not presented us with a record on appeal, see *Commonwealth* v. *Dunnington,* 390 Mass. 472, 479 n.5 (1983), sufficient to construe the excerpt as binding the insured in the circumstances here presented. I would affirm the judgment.

the settlement, would under the application of the "successive insurer rule," see pages 22-23 of the majority opinion, require the insurer under the 1975 policy and not the 1972 policy to cover the loss. No one has argued that a different rule should apply where there is only one insurer under two policies.