HOME INDEMNITY INSURANCE COMPANY *vs.* MERCHANTS
DISTRIBUTORS, INC.

Suffolk. September 12, 1985. — October 15, 1985.

Present: WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Workmen's Compensation Act*, Agreement as to compensation, Time of
injury. *Insurance*, Workmen's compensation insurance, Construction
of policy, Coverage.

With respect to a workmen's compensation insurance policy providing for
retrospective adjustment of premium charges to reflect the employer's
actual losses, which was in effect on March 27, 1972, when an employee
suffered an injury, and a standard policy requiring predetermined nonad-
justable premiums, which was issued by the same insurer and which
was in effect on August 12, 1975, when the employee suffered a second
injury, and with respect to a clause in each policy providing that the
insurer "may make such . . . settlement as it deems expedient," it was
held that the March 27, 1972, date of injury specified in a settlement
agreement between the insurer and the employee was not binding on
the employer so as to make it liable to the insurer for retrospective
payments under the first policy. [106-107]

CIVIL ACTION commenced in the Boston Municipal Court
Department on October 25, 1978.

Upon transfer to the Superior Court Department, motions
for summary judgment were heard by *William C. O'Neil, Jr.*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*David P. Dwork* for the plaintiff.

*Bernard T. Loughran* (*Mary E. Corbett* with him) for the
defendant.

WILKINS, J. The plaintiff insurer (Home Indemnity) seeks
to collect a retrospective workers' compensation premium
charge from the defendant insured (Merchants Distributors).

For three years commencing on January 1, 1970, Home
Indemnity provided workers' compensation insurance to Mer-

chants Distributors under a policy subject to a retrospective premium endorsement.[1] Commencing on January 1, 1973, Merchants Distributors abandoned the retrospective rating aspect of its coverage and thereafter took from Home Indemnity a standard form of policy under which annually an insured's premium obligations are fixed in advance.

In 1976, Home Indemnity entered into a lump sum agreement in final settlement of a workers' compensation claim of a former Merchants Distributors employee. The agreement, to which Merchants Distributors was not a party, specified March 27, 1972, as the date of the compensable injury. The employee had submitted two independent claims, one based on a March, 1972, injury (a date within the period of the first policy) and the other based on an August, 1975, incident (a date within the period of the second policy), alleged to have aggravated the 1972 injury. The master who heard this case found that the August, 1975, injury contributed to and was causally connected with the employee's disability. Although the materiality of the principle is in dispute, if, in these circumstances, there had been different insurers for the two policy periods involved, the second insurer would have been responsible for all workers' compensation obligations arising from the 1975 injury. See *Zerofski's Case*, 385 Mass. 590, 592 (1982); *Carrier* v. *Shelby Mut. Ins. Co.*, 370 Mass. 674, 675-676 (1976).

Home Indemnity sought to collect a retrospective premium from Merchants Distributors, relying on the fact that the lump sum settlement agreement designated the injury as a March, 1972, injury and further relying on a policy provision stating that "[a]s respects the insurance afforded by the other terms of this policy" the insurer "may make such investigation, negotiation and settlement of any claim or suit as it deems

---

[1] Under such an endorsement, an employer's premium obligation, subject to maximum and minimum limits, is affected by the employer's loss experience during the policy period. A retroactive adjustment is made in the employer's premium obligations based on losses incurred (largely losses paid and reserved against) as the result of claims arising during each year of the policy period.

expedient."[2] The master found that the injured employee was not "especially concerned" about the date of the injury referred to in the settlement documents. He further found that, when Home Indemnity's supervisor for Merchants Distributors' workers' compensation claims prepared the settlement agreement, she was unaware of the differences between the policies in effect in 1972 and 1975. The master stated that he did "not find that the Insurer acted in bad faith in connection with the lump sum settlement agreement."

On cross-motions for summary judgment, based on the report of the master whose findings of fact were final, a judge of the Superior Court ordered entry of judgment for the defendant Merchants Distributors. We affirm that judgment.

On appeal, a panel of the Appeals Court, divided on the question, reversed. *Home Indem. Ins. Co.* v. *Merchants Distribs., Inc.* 19 Mass. App. Ct. 20 (1984); *id.* at 26 (Dreben, J., dissenting). The majority concluded that the policy's settlement clause gave Home Indemnity, in the course of settling the claim, discretion to select the date of injury conclusively, unless Home Indemnity exercised that discretion in bad faith, negligently, or fraudulently. *Id.* at 24. We have upheld a settlement by an insurance company where the amount paid was fully recoverable from the insured, even though the insured had no notice of the settlement. *Service Mut. Liab. Ins. Co.* v. *Aronofsky*, 308 Mass. 249, 252 (1941). We said in that context that the insurer's judgment was final unless the insured showed fraud, negligence, or an absence of good faith in the making of the settlement. *Id.* See *Murach* v. *Massachusetts Bonding & Ins. Co.*, 339 Mass. 184, 187 (1959), for a discussion of what good faith requires of an insurer.

The dissenting Justice concluded that the settlement clause did not purport to give Home Indemnity the authority to decide

---

[2] The full settlement clause states: "As respects the insurance afforded by the other terms of this policy the company [Insurer] shall: (a) defend any proceedings against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, . . .: but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient. . . ."

the coverage question conclusively. *Home Indem. Ins. Co.* v. *Merchants Distribs., Inc., supra* at 26-27. She also noted that elementary fairness required that Merchants Distributors be granted a hearing before liability could be imposed on it. *Id.* at 27.

We are concerned with the interpretation of an insurance policy or policies. Neither policy is in the record. The master refers to the settlement clause and quotes it. See n.2, above. Home Indemnity, relying exclusively on that clause, argues in effect that our cases conceding the discretion of an insurer to settle a claim and thereby to bind an insured apply here. The Appeals Court majority agree, concluding that the result is indicated by "the well-settled judicial construction of the language of the settlement clause." 19 Mass. App. Ct. at 25. None of those cases, however, involved a coverage dispute between an insurer and an insured (i.e., whether a particular claim was covered by a particular insurance policy), nor did those cases involve a claim settlement where a question of coverage (date of injury) was immaterial to the claimant.[3] Moreover, none of those cases has involved a retrospective rating plan under which the insurer was not only dealing with the insured's personal liability but was also undertaking (however innocently) to shift the entire loss from itself to the insured.

The settlement clause authorized the insurer to settle the claim, but that clause does nothing to decide whether the claim was covered under the first or the second policy. The record does not show the policy language that describes which losses are to be considered in determining retrospective premium obligations. We would assume in Home Indemnity's favor the seemingly obvious: that only losses covered under the policy would be considered. We know that under the law of the Commonwealth, on the facts found by the master, the entire loss would fall on the second policy if there had been separate

---

[3] If the second policy had been issued by a second insurance company and a dispute as to which policy covered the loss had been resolved by a good faith settlement, in an adversary setting, assigning the loss to the first policy, the case for holding Merchants Distributors to that result would be stronger than it is in this case.

insurers. The settlement clause changes neither that result nor our assumption that only losses incurred with respect to the policy period would be covered. Indeed, as the Appeals Court dissent notes (19 Mass. App. Ct. at 26), the settlement clause only applies to "*the insurance afforded by . . . this policy.*" See *Liquid Transporters, Inc.* v. *Travelers Ins. Co.*, 308 F.2d 809, 810 (6th Cir. 1962). We find no policy language that justifies giving conclusive effect to the date of injury described in the settlement agreement.

Recently we acknowledged that, in passing on a question concerning coverage available under a policy of insurance, "it may be appropriate to consider what a policyholder reasonably should expect his coverage to be in the circumstances." *Bond Bros.* v. *Robinson*, 393 Mass. 546, 551 (1984). See, as to the "doctrine of reasonable expectations," *id.* at 553 (Abrams, J., dissenting); *Markline Co.* v. *Travelers Ins. Co.*, 384 Mass. 139, 146-147 (1981) (Liacos, J., dissenting). A reasonable insured changing from a retrospective to a prospective rating plan would expect that a loss would be assigned to the respective policies based on which policy covered the loss. Looking at the settlement clause, an insured would not reasonably expect that it authorized the insurance company conclusively but erroneously to assign a loss to the policy, and thereby to place that loss on the insured. Merchants Distributors was entitled to an independent determination of the coverage question. It had such a determination and properly prevailed.[4]

*Judgment of the Superior Court affirmed.*

---

[4] The Appeals Court properly disposed of Home Indemnity's challenges to a portion of the master's report. See 19 Mass. App. Ct. at 21 n.1.