Dolan, P.J.
In September 1985, defendant Martin Ginden Insurance Agency, Inc. executed three lease agreements for the lease of three 1985 Mercedes automobiles from an automobile dealer, each for a term of five years. Defendant Richard Ginden guaranteed all three leases. Defendant Martin Ginden and defendant Alan Ginden each guaranteed a lease.
Plaintiff, assignee of the three leases, brought these three actions in November 1988 afterpayments had ceased on the leases and the vehicles had been voluntarily returned to plaintiff. The trial court allowed plaintiffs motions for summary judgment on all cases and, after hearing, assessed damages. Defendants appealed to this division alleging error in the assessment of damages. All three cases involve the same issues and we consider all three cases as though they were consolidated.
Defendants filed thirteen requests for rulings of law on the issue of damages and claim to be aggrieved by the court’s action on nine of these requests for rulings of law. Six of the nine rulings relate to the lack of a provision in the lease agreement concerning damages in the event that lease payments should be terminated without justification, prior to its expiration date.[3] Defendants argue that absent a provision in the lease regarding damages in event the lessee stops payments, plaintiff cannot recover damages. We see no merit in defendants’ argument The fundamental principle of law upon which damages for breach of contract are assessed is that the injured party shall be placed in the same position he should have been in, if the contract had been performed, so far as loss can be ascertained to have followed as a natural consequence and to have been within the contemplation of reasonable men as a probable result of the breach, and so far as compensation therefor in money can be computed by rational methods upon a firm basis of facts. John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 21 (1911). An agreement need not contain an enforceable liquidated damage provision for damages to be assessed. Com’r of Insurance v. Massachusetts Accident Co., 310 Mass. 679, 771-772 (1942).
The lease agreements specify that they will be construed in accordance with the laws of the State of Rhode Island. No evidence of Rhode Island laws was presented at hearing. Defendants have alleged by way of a request for a ruling of law that the failure of plaintiff to present evidence regarding the measure of damages in accordance with the laws of the State of Rhode Island precludes any recovery for damages. We disagree. The law in this Commonwealth is that a foreign state’s law will be *105 assumed to be the same as ours absent evidence to the contrary. Commercial Credit Corp. v. Stan Cross Buick, Inc., 343 Mass. 622, 625 (1962).
Defendants further allege by way of a request for a ruling of law that plaintiff must prove damages by way of testimonial evidence from a live witness who is duly sworn and testified on oath. The trial court rightly denied this request because, although a witness did testify under oath in this case, there are a number of other permissible methods to present evidence at an assessment hearing, including answers to interrogatories and the like.
Finally, defendants claim that because plaintiff has presented its case on the basis that its damages were to be assessed by a certain method, it cannot recover damages where that method was not appropriate. In the circumstances of this case, we believe that plaintiffs method of computing damages was appropriate. After the vehicles returned to plaintiff were sold in order to mitigate damages, there remained for the court the issue of the amount of damages to be awarded plaintiff. Plaintiff offered evidence that its lost profits were related to interest rates. Evidence was presented that an interest rate of 12.9% had apparently been originally used to determine the monthly lease payment. Plaintiff computed earned interest based on the principal of accounting known as the Rule of 78’s method of calculating the amount of earned interest. This method of computing interest allocates more of the interest earned to the earlier months of a loan than a computation based on simple interest The trial court assessed damages based on plaintiffs evidence of interest earned but not received.
Although this may not have been the only method to determine damages, lost profitsneed not be proved with mathematical certainty. Dyecraftsmen, Inc. v. Feinberg, 359 Mass. 485, 488 (1971); Frank D. Wayne Associates, Inc. v. Lussier, 16 Mass. App. Ct. 986, 988 (1983). Where difficulties in determining damages are in large part from defendant’s conduct, a reasonable approximation will suffice. National Merchandising Corp. v. Leyden, 370 Mass. 425, 430 (1976). We find the court’s assessment of damages for lost profits to be not unreasonable.
Reports dismissed.

 An example is “If there is an ambiguity or an omission, the agreement must be construed against the drafting party.”